Charles A. **FRITH**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 382S109.

Supreme Court of Indiana.

Aug. 30, 1983.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Petitioner Charles A. Frith was found guilty by a jury in the Madison County Circuit Court of First Degree Murder, to-wit: Murder in the Perpetration of a Robbery. Ind.Code § 35–13–4–1 (Burns 1975). He was sentenced to death. Although this Court affirmed Petitioner's conviction on direct appeal, this Court remanded Petitioner's case with instructions to reduce Petitioner's death sentence to a term of life imprisonment. *Frith v. State,* (1975)

263 Ind. 100, 325 N.E.2d 186. Petitioner subsequently filed *pro se* a Petition for Post-Conviction Relief which the Madison Circuit Court denied. Petitioner with counsel now appeals said denial and raises the following as his sole issue: 1. whether the prosecutor committed fundamental error by making certain remarks during his final argument which allegedly commented on Petitioner's failure to testify during trial.

We first note that Petitioner waived a general review of this issue by not properly preserving and raising it. Specifically, Petitioner neither objected to the contested comments at trial nor raised this issue in his original motion to correct errors. It is well-settled that the failure to object at trial constitutes waiver of review unless an error is so fundamental that it denied the accused of a fair trial. *Pitman v. State,* (1982) Ind., 436 N.E.2d 74. This Court has held:

"Fundamental error is error that, if not rectified, would deny a defendant fundamental due process. *Johnson v. State,* (1979) [271] Ind. [145], 390 N.E.2d 1005. It is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved. *Nelson v. State,* (1980) 271 Ind. 145, 409 N.E.2d 637."

*Warriner v. State,* (1982) Ind., 435 N.E.2d 562, 563; *see also Griffin v. State,* (1982) Ind., 439 N.E.2d 160. Accordingly, we now consider only whether or not the prosecutor's comments amounted to fundamental error.

During final arguments, one of the prosecuting attorneys made the following comments:

"You know I suppose the defense has kind of a difficult position here because they are either going to have to say, it would seem to me, that this is a mistake in identity at the S and S Pawn Shop but there was no notice of alibi, or nothing filed—no alibi to present as to where they were. What are they going to do? What is the defense for this senseless brutal slaying? Accident?

. . . . .

There has not been one bit of evidence in here to show any justification for this robbery or this murder. They were absolutely silent on that point. I imagine they are silent because there is no justification. If this was an accident, then you are going to have to believe that all these other things were accidents too. I don't believe you can do that. Not in all good consciencenous (sic), I don't think you can do that. So what is the defense going to be? I don't know. I haven't heard any. All I have heard is the testimony of the State of Indiana."

Petitioner now alleges that these comments were subject to being interpreted by the jury as comments upon his election not to testify at trial and therefore "must be strictly regarded as an impingement on his substantial rights." We do not agree. We find that the above quoted comments were not directed at Petitioner's election not to testify but rather were properly directed at the evidence and the defenses offered on Petitioner's behalf. These comments certainly do not constitute fundamental error as defined in *Warriner, supra.* The trial court is in all things affirmed.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.