Robert SNIDER, Sr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1282S482.

Supreme Court of Indiana.

Oct. 10, 1984.

Nile Stanton, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of post-conviction relief. Petitioner below, appellant here, was convicted of child molesting. That conviction was affirmed on direct appeal. *Snider v. State*, (1980) Ind., 412 N.E.2d 230. The basis of the petition below was the contention that the jury instructions, in reciting the elements of the crime of child molesting, did not include a criminal intent element, and consequently the jury was never provided with the opportunity to consider any form of *mens rea* or intent, and his conviction therefore deprived him of liberty without due process of law. The trial court reasoned that the alleged error was not fundamental error and had been waived in a prior proceeding. The basis of this appeal is that the determination of the trial court that the alleged error was not fundamental was itself error.

The judgment of the lower court of which the determination of no fundamental error is a part, is presumptively valid in this Court on appeal, and the burden is now on appellant to persuade us that such determination is erroneous. The appellate argument commences with consideration of the court's Instruction # 17 which allegedly embodies the error.

"INSTRUCTION NUMBER 17
CHILD MOLESTING

The crime of Child Molesting is defined by statute as follows:

A person who, with a child under twelve (12) years of age performs or submits to sexual intercourse or deviate sexual conduct, commits Child Molesting, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

To convict the defendant of child molesting the State must have proved each of the following elements:

1. (a) the defendant performed or submitted to sexual intercourse.

(or)

(b) the defendant performed or submitted to deviate sexual conduct;

2. With a child under twelve years of age.

If the State failed to prove each of these elements beyond a reasonable doubt, the defendant should be found not guilty.

If the State did prove each of the elements beyond a reasonable doubt, then you should find the defendant guilty of Child Molesting, a Class B felony.

If you further find beyond a reasonable doubt that the Child Molesting was

(a) committed by using,

(or)

(b) threatening the use of deadly force, then you should find the defendant guilty of Child Molesting, a Class A felony."

This instruction tracks Ind.Code § 35–42–4–3, the child molesting statute, pursuant to which the initial charge against appellant was made. The statute does not separately and explicitly identify a criminal intent or state of mind, and this instruction follows suit. To complete the procedural story here, it should be pointed out, that there was no objection to this instruction or other instructions at the initial trial because they did not specify a criminal intent; and such complaint was not made in the motion to correct errors, or in appellant's direct appeal. The complaint was first made in appellant's petition for post-conviction relief; an answer alleging waiver was filed by the state; and the judgment denying relief without reaching the merits of appellant's complaint, followed. This defective instruction complaint does not accompany a claim of ineffective counsel, nor was any attempt made at the post-conviction hearing to justify the fact that the complaint was not raised in prior proceedings. The complaint is free standing in the post-conviction proceeding.

Appellant is correct in his perception that fundamental error is the key issue in this appeal. This is so, not because a satisfactory ground for post-conviction relief must necessarily be so egregious as to rise to the level of fundamental error and to deny due process, but because it is through a showing of fundamental error that the post-conviction court can bypass an obstacle to reaching the merits of a free standing claim erected by a prior procedural default. Other means of placing such a claim before the post-conviction court would be to join it with an ineffective counsel claim or to justify the prior default in some manner. *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538. The claim here is not supported by such other means. If therefore, that part of the trial court's conclusions of law which states that this alleged error in jury instructions was not fundamental error is correct, then this judgment must be affirmed, for in such instance there would be no basis for relieving appellant of the legal effect of his prior procedural default.

In order to establish the fundamental character of the alleged error in failing to instruct the jury on the element of intent, appellant relies upon the case of *Morissette v. United States*, (1952) 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288. Several things occurred at the trial of that case which convinced the U.S. Supreme Court that a denial of due process had occurred. The charge was stealing government property. The court instructed the jury that it could not consider the defense of abandonment and was limited to considering whether or not an intent to take the property had been proved. The court also ruled that felonious intent, that is, an intent to steal, was to be presumed, and forbade defense counsel to argue that his client had thought the items had been abandoned.

The rulings of the trial court in the Morissette case completely and effectively eliminated criminal intent as an ingredient of the offense. Instructions # 17 involved in this case does not eliminate or prohibit consideration of the intent to molest or injure. It does not preclude the defense from proving or arguing that any touching of the child was innocent. And it is in perfect accord with the statute which it purports to present. The instruction furthermore utilizes words which refer to deliberate injurious conduct, words which in their plain meaning would be understood by the jury as including criminal intent. The worst that can be said of this instruction is that it would have been clearer if it had sorted out criminal intent and separately referred to it. Fundamental error is one which if not rectified would deny fundamental due process. *Malo v. State*, (1977) 266 Ind. 157, 361 N.E.2d 1201. This instruction had no such egregious influence upon the trial resulting in appellant's conviction. There is therefore no basis for relieving appellant of his prior procedural

default and the judgment denying post-conviction relief is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ. concur.