**Leonard BAILEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 484S147.**

Supreme Court of Indiana.

Jan. 25, 1985.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a Class A felony, and sentenced to a term of fifty (50) years imprisonment. His conviction was affirmed on direct appeal. *Bailey v. State*, (1980) 274 Ind. 318, 412 N.E.2d 56. Summary denial of appellant's Petition for Post-Conviction Relief was reversed by this Court. *Bailey v. State*, (1983) Ind., 447 N.E.2d 1088 (Givan, C.J., and Pivarnik, J., dissenting). On remand for an evidentiary hearing on the issue of waiver, the trial court again denied appellant's petition, which adverse decision he now appeals.

The facts are: Appellant, after receiving a ride from a bar with Thomas Ott, pulled out a knife, robbed Ott and fled. Ott and another passenger, Keith Guyden, pursued appellant on foot. Upon overtaking him, Guyden fought with appellant. Guyden sustained knife wounds on his hand and arm during the fight.

Appellant alleged three errors in his post-conviction petition: 1) that the trial court committed fundamental error in failing to instruct the jury as to an essential element of the crime charged; 2) that insufficient evidence was adduced at trial to support the conviction of a Class A felony, resulting in fundamental error; and 3) that he was denied the effective assistance of counsel. Before addressing these issues, we wish to clarify the question of the propriety of raising an issue singularly characterized as fundamental error in a post-conviction petition.

The remedy of post-conviction relief is not a substitute for a direct appeal. Ind.R. P.C. 1, § 1(b). Pursuant to Ind.R.P.C. 1, § 1(a), such remedy is available to:

(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;

may institute at any time a proceeding under this Rule to secure relief.

 The post-conviction relief process is also open to the "raising [of] issues not

known at the time of the original trial and appeal or for some reason not available to the defendant at that time." *Kimble v. State,* (1983) Ind., 451 N.E.2d 302, 303–304. It is not, however, open to the raising of issues available to a petitioner upon his original appeal. *Brown v. State,* (1974) 261 Ind. 619, 308 N.E.2d 699. Errors not assigned at the trial level nor argued on direct appeal are deemed waived in the context of post-conviction relief. *Frith v. State,* (1983) Ind., 452 N.E.2d 930; *Howland v. State,* (1982) Ind., 442 N.E.2d 1081. "To unreservedly hold the door open for appellate review under the post conviction remedy rules, regardless of the circumstances which preceded, would perforce characterize post conviction relief as some sort of 'super-appeal' contrary to its intended function." *Langley v. State,* (1971) 256 Ind. 199, 210, 267 N.E.2d 538, 544.

We recently stated, by way of dicta, that a claim of fundamental error can be raised in a post-conviction petition regardless of whether such issue was waived in the direct appeal process. This Court asserted "it is through a showing of fundamental error that the post conviction court can bypass an obstacle to reaching the merits of a free standing claim erected by a prior procedural default." *Snider v. State,* (1984) Ind., 468 N.E.2d 1037, 1039.

■ An error characterized as fundamental is one which is "blatant" and which if not rectified would deny the petitioner "fundamental due process." *Terry v. State,* (1984) Ind., 465 N.E.2d 1085; *Johnson v. State,* (1979) 271 Ind. 145, 390 N.E.2d 1005. A claim characterized solely as fundamental error is available only on appeal and is raised when there has been a failure to assign an error which is so egregious that it must be decided by the appellate court because of its fundamental nature.

■ In clarification of the dicta in *Snider, supra,* any issue set forth in a post-conviction petition must be raised within the purview of the post-conviction rules, e.g., deprivation of the Sixth Amendment right to effective assistance of counsel, or

be an issue demonstrably unavailable to the petitioner at the time of his trial and direct appeal. Therefore, in a post-conviction petition an allegation of the denial of the petitioner's due process rights may not be raised in the "free standing" form of an allegation of fundamental error.

■ As a court of review, we cannot ignore a fundamental error apparent on the face of the record. *Griffin v. State,* (1982) Ind., 439 N.E.2d 160; *Young v. State,* (1967) 249 Ind. 286, 231 N.E.2d 797. We do require, however, that such error be raised within the provisions of Ind.R.P.C. 1, § 1(a).

■ To the extent that this Court has previously stated that fundamental error can be alleged as such at any time, we modify that proposition to the effect that such error must be raised, in a post-conviction petition, within the rules of post-conviction procedure. *See, e.g., Haggard v. State,* (1983) Ind., 445 N.E.2d 969 (fundamental error can be recognized even if not raised in direct appeal); *Griffin, supra* (fundamental error can be recognized at any time); *Nelson v. State,* (1980) 274 Ind. 218, 409 N.E.2d 637.

In the instant case, the first two issues raised by appellant were not available to him at the time of his trial and direct appeal. Appellant relies on this Court's subsequent interpretation of the robbery statute in *Hill v. State,* (1981) 424 N.E.2d 999 and *Clay v. State,* (1981) Ind., 416 N.E.2d 842. We found that "The Legislature intended to make robbery a class A felony in two situations: (1) when bodily injury resulted to the person being robbed, and (2) when serious bodily injury resulted to any other person." *Clay, supra* at 844. This interpretation was reiterated in *Hill, supra.*

■ Appellant contends that he is entitled to a retroactive application of the statutory interpretation. Without addressing the question of retroactivity, we find that the jury was in fact instructed that appellant was charged with inflicting serious

bodily injury on the non-victim and further that there was sufficient evidence to support a finding of serious bodily injury.

The statute under which appellant was charged provides that robbery is "a Class A felony if it results in either bodily injury or serious bodily injury to any other person." Ind.Code § 35–42–5–1. Jury Instruction Number 3, which appellant claims was deficient, tracked the language of the statute verbatim; consequently no distinction was made between injury inflicted on a victim and on a non-victim. Any deficiency as to that element, however, was cured by another jury instruction.

■ Jury Instruction Number 2, reciting the charging information, reads in pertinent part:

"That LEONARD BAILEY on or about the 29th day of April A.D. 1978, at and in the County of Marion in the State of Indiana, did knowingly take from the person or presence of THOMAS OTT property, to-wit: U.S. Currency of the value of FOUR HUNDRED EIGHTY DOLLARS AND NO CENTS ($480.00) by putting THOMAS OTT in fear or by using or threatening the use of force on THOMAS OTT *which resulted in serious bodily injury to KEITH GUYDEN, to-wit: cutting of hand and arm,....* (Emphasis added.)

Thus the jury was in fact instructed as to the element of the extent of the injury sustained by the non-victim. Appellant also asserts, correctly, that the jury was not instructed as to the statutory definition of serious bodily injury. *See* Ind.Code § 35–41–1–2 (West 1978). Because there was an available remedy at trial, namely the tender of such an instruction, any error in this regard is deemed waived. *Lacy v. State,* (1982) Ind., 438 N.E.2d 968; *Crosson v. State,* (1980) 274 Ind. 247, 410 N.E.2d 1194.

■ Based on this Court's subsequent interpretation of the robbery statute, appellant alleges there was insufficient evidence to support his conviction of robbery as a Class A felony. Specifically, he contends that the lack of evidence on the element of

serious bodily injury to the non-victim constitutes fundamental error.

Even assuming *arguendo* that the non-victim must have sustained serious bodily injury for the offense to rise to the level of a Class A felony, we find there was sufficient evidence of probative value on the element of the extent of the non-victim's injuries. Guyden sustained a knife wound near his left elbow four inches long and one-half inch deep, requiring five internal and ten external stitches. He also sustained a knife wound on his hand three inches long and one-quarter inch deep requiring seven stitches. We will not disturb the post-conviction court's finding that appellant failed to prove that the injuries sustained by the non-victim were not serious bodily injuries.

Appellant's final alleged error is that he was denied the effective assistance of counsel. As a result, he argues, the jury was not instructed on one of the elements of the crime charged.

■ We recently adopted the standard of reasonably effective assistance, as set forth by the United States Supreme Court in *Strickland v. Washington,* (1984) —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674, in addressing the issue of competency of counsel. *Elliott v. State,* (1984) Ind., 465 N.E.2d 707. This Court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Elliott, supra.* An appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra* at ——, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

■ At the post-conviction hearing both attorneys who represented appellant testified that as they understood the law, at trial in 1978 and on appeal in 1980, no distinction was made in a robbery case between bodily injury and serious bodily injury sustained by a victim or a non-victim. Their assessment of the law as it existed at the time is correct. In order for

appellant to succeed in gaining a reversal based on ineffective assistance of counsel, we would have to find that his representation was inadequate because his counsel failed, in effect, to change then-existing law.

We decline to make such a finding. Both attorneys applied the law as they understood it to be, and indeed it was, at that time. Despite appellant's contention that his counsel could have raised the issue of injury to a non-victim of a robbery successfully raised in *Clay, supra,* we cannot find that but for counsel's alleged errors the results of the respective proceedings would have been different. *Strickland, supra.* The post-conviction court did not err in finding that appellant was afforded effective assistance of counsel.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DEBRULER, J., concurs in result.