Richard A. CAPPS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9807–PC–605.

Court of Appeals of Indiana.

April 21, 1999.

Transfer Denied June 30, 1999.

Susan K. Carpenter, Public Defender of Indiana, Victoria Christ, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

GARRARD, Judge

### STATEMENT OF THE CASE

Richard A. Capps ("Capps") appeals the denial of his petition for post-conviction relief. We affirm.

## ISSUES

Capps presents three issues for our review which we restate as:

1. Whether the prosecutor committed misconduct by withholding material exculpatory evidence.
2. Whether the trial court committed fundamental error when it read to the jury Instruction Number 13.
3. Whether Capps received the effective assistance of appellate counsel.

## FACTS AND PROCEDURAL HISTORY

The relevant facts recited by this court on direct appeal follow:

Before dawn on November 17, 1988, the bodies of Roland and Margaret Capps, married, both aged sixty, were found lying in the street in front of their house on Buick Drive in Speedway. They had been shot to death. A trail through the autumn leaves covering the lawn and bloodstains on the front porch indicated that the bodies had been dragged into the street from within the house. When an officer dialed the Capps' home telephone number, their twenty-three year old son Richard answered. He said he was the only person in the house. Shortly thereafter, he came out and was arrested. While being handcuffed, he stated that he was Jesus Christ, that his parents were evil and had tried to kill him, and that he was ridding the world of evil. The murder weapon and spent shells were found inside the house, as well as bloodstains suggesting that the shootings had taken place there, after which the bodies had been dragged out to the street.

*Capps v. State,* 573 N.E.2d 459, 460 (Ind.Ct. App.1991). Despite an insanity defense, following a jury trial, Capps was convicted of two counts of Murder. On direct appeal, this court affirmed Capps' conviction. *See id.*

Thereafter, on April 28, 1994, Capps filed his pro se petition for post-conviction relief. Counsel subsequently appeared on Capps' behalf and filed an amended petition on February 25, 1998. After evidentiary hearings, the post-conviction court entered its findings and conclusions denying Capps' amended petition.

## DISCUSSION AND DECISION

### Standard of Review

The purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Lockhart v. State,* 632 N.E.2d 374, 375 (Ind.Ct.App.1994), *trans. denied.* "Thus, post-conviction relief is not a 'super appeal' which allows the rehashing of prior proceedings regardless of the circumstances surrounding them." *Collier v. State,* 572 N.E.2d 1299, 1301 (Ind.Ct.App.1991), *trans. denied.* When the petitioner has already been afforded the benefit of a direct appeal, post-conviction relief contemplates a rather small window for further review. *Montano v. State,* 649 N.E.2d 1053, 1056 (Ind.Ct.App.1995), *trans. denied.* The petitioner must establish his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5.

On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of witnesses. *Montano,* 649 N.E.2d at 1056. To prevail on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that reached by the post-conviction court. *Id.* It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995).

Where the post-conviction court enters findings of fact, we will affirm if the findings are sufficient to support the judgment. *Coleman v. State,* 703 N.E.2d 1022, 1027 (Ind.1998). The post-conviction court's findings and judgment will not be reversed unless clearly erroneous. *Id.* "In short, the question before us is only 'whether there is no way the court could have reached its decision.'" *Id.* (quoting *Spranger,* 650 N.E.2d at 1120).

### Issue One: Exculpatory Evidence

Capps first contends that he is entitled to post-conviction relief because the

prosecutor committed misconduct by withholding material exculpatory evidence.[1] *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ( "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). However, as noted by the post-conviction court, this issue was available but not raised on direct appeal. As our supreme court recently has noted, failure to raise a *Brady* violation on direct appeal results in forfeiture of the issue on post-conviction except to the extent that such claim may support a claim of ineffective assistance of appellate counsel. *Minnick v. State,* 698 N.E.2d 745, 750–51 (Ind.1998). Because Capps' claim of ineffective assistance of appellate counsel addressed *infra* does not include the *Brady* violation, we need not address the issue in any context. Capps has waived review of this issue.[2]

### Issue Two: Instruction Number 13

■ Capps next contends that the trial court committed fundamental error when it read to the jury Instruction Number 13 which stated:

> The rule of law which clothes every person accused of a crime with the presumption of innocence, and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid anyone who is in fact guilty of a crime to escape from just and merited punishment; but, is a humane provision of the law which is intended, so far as human agencies can, to guard against the danger of any innocent person being unjustly accused or punished.

Trial Record at 1142–43. Capps is correct that our supreme court, in *Spradlin v. State,* 569 N.E.2d 948 (Ind.1991), recommended that such instruction not be used. However, our supreme court has also held that the use of such instruction is not error in cases where the instruction was given before *Spradlin* was decided. *Nichols v. State,* 591 N.E.2d 134, 139 (Ind.1992). Capps' trial occurred on March 10, 1990, prior to the *Spradlin* decision. At the time of Capps' trial, existing case law approved the instruction. *See Heald v. State,* 492 N.E.2d 671, 680 (Ind.1986).

■ Moreover, it is well-settled that jury instructions are not to be considered in isolation, but are to be read as a whole and with reference to each other. *Gambill v. State,* 675 N.E.2d 668, 674 (Ind.1996). As noted by the post-conviction court, the jury was properly instructed in other instructions as to the presumption of innocence and the State's burden of proof beyond a reasonable doubt. P–C Record at 103. In light of the instructions as a whole, the giving of Instruction Number 13 did not rise to the level of fundamental reversible error. *See Collins v. State,* 643 N.E.2d 375, 381 (Ind.Ct.App.1994) (presumption of innocence instruction disapproved by *Spradlin* does not constitute fundamental error when other instructions adequately instructed jury as to presumption), *trans. denied.*

Despite Capps' urging, our conclusion is not altered merely by the fact that Capps maintained an insanity defense. Again, our review of the trial record indicates that the jury was properly instructed regarding the insanity defense and we cannot say that Instruction Number 13 rendered that defense

---

1. Capps asserts that despite his discovery request the State failed to reveal the criminal history of State witness Paul "Kim" Kash and, thus, he was deprived of material impeachment evidence. However, the record indicates that Capps was fully aware of Kash's prior felony history yet failed to reveal as much to his trial counsel. No *Brady* violation occurs when information is available to a defendant at the time of trial and his only reason for not presenting the evidence to the court is lack of reasonable diligence. *See Johnson v. State,* 693 N.E.2d 941, 947 (Ind.1998).

2. We further note that Capps' claim cannot be revived by the doctrine of fundamental error. The "fundamental error" exception to the waiver rule is available only where the record reveals clearly blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied. *Minnick,* 698 N.E.2d at 759. Application of the fundamental error exception in post-conviction proceedings is generally limited to instances of Sixth Amendment right to counsel or to an issue demonstrably unavailable to the petitioner in prior proceedings. *Id.* Accordingly, the issue remains waived.

meaningless or the instructions as a whole erroneous. The post-conviction court properly denied Capps relief.

### Issue Three: Ineffective Assistance of Appellate Counsel

Lastly, we address Capps' claim that he was denied the effective assistance of appellate counsel. Capps' direct appeal was still pending when our supreme court issued its decision in *Spradlin*, on April 15, 1991. Capps contends he received ineffective assistance of appellate counsel because his counsel failed to amend his appellate brief and assert that Instruction Number 13 constituted fundamental error in light of the *Spradlin* decision. Because we have already decided that Instruction Number 13 did not constitute fundamental error, appellate counsel could not have been ineffective for failing to amend the brief on those grounds.

The judgment of the post-conviction court is affirmed.

KIRSCH, J. and NAJAM, J. concur.