Keith WOODSON, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 49A04–0109–PC–396.

Court of Appeals of Indiana.

Nov. 14, 2002.

Susan K. Carpenter, Public Defender of Indiana, John Ribble, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

KIRSCH, Judge.

In *Woodson v. State*, 767 N.E.2d 1022 (Ind.Ct.App.2002), this court granted Keith Woodson's petition for post-convic-

tion relief on his two convictions for attempted murder as an accomplice,[1] a Class A felony, on the basis that the jury instructions constituted fundamental error. We remanded the case for a new trial.

The State has petitioned this court for rehearing. Citing *Sanders v. State*, 765 N.E.2d 591, 592 (Ind.2002), the State argues that our supreme court recently clarified that claims of fundamental error apply only to direct appeals and "are not available on post-conviction [relief]." *Petition for Rehearing* at 3. As such, the State urges us to reconsider our decision on the grounds that we improperly reviewed Woodson's petition for post-conviction relief under a fundamental error analysis. We grant the State's petition for rehearing for the limited purpose of addressing why our analysis remains the same after *Sanders*, and affirm our opinion in all respects.

■ In *Sanders*, our supreme court concluded that, "It was wrong to review the fundamental error claim in a post-conviction proceeding." *Sanders*, 765 N.E.2d at 592. The State focuses on this language to support its position that our court erred in discussing fundamental error. The State's argument ignores the *Sanders* court's additional comments, which read as follows:

As we explained in *Canaan v. State*, 683 N.E.2d 227, 235 n. 6 (Ind.1997), the fundamental error exception to the contemporaneous objection rule applies to direct appeals. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel *or issues demonstrably unavailable at the time of trial or direct appeal.*

*Id.* (emphasis added).

■ The *Canaan* language on which the *Sanders* court relied originated in *Bai-*

*ley v. State*, 472 N.E.2d 1260, 1263 (Ind. 1985). *Bailey* remains good law, and our supreme court's thorough analysis of fundamental error in that opinion is helpful for determining when, in the absence of a claim of ineffective assistance of counsel, a claim of fundamental error may be raised during a petition for post-conviction relief. The following *Bailey* language bears repeating:

[W]e wish to clarify the question of the propriety of raising an issue singularly characterized as fundamental error in a post-conviction petition.

The remedy of post-conviction relief is not a substitute for a direct appeal. [Ind. Post–Conviction Rule 1(1)(b) ]. Pursuant to [P–C.R. 1(1)(a) ], such remedy is available to:

(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;

. . . .

may institute at any time a proceeding under this Rule to secure relief.

The post-conviction relief process is also open to the "raising [of] issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time." *Kimble v. State*, [451 N.E.2d 302, 303–304 (Ind.1983) ]. It is not, however, open to the raising of issues available to a petitioner upon his original appeal. *Brown v. State*, [261 Ind. 619, 308 N.E.2d 699 (1974) ]. Errors not assigned at the trial level nor argued on direct appeal are deemed waived in the context of post-conviction relief. *Frith*

---

1. *See* IC 35–41–2–4; IC 35–41–5–1; IC 35– 42–1–1.

*v. State,* [452 N.E.2d 930 (Ind.1983) ]; *Howland v. State,* [442 N.E.2d 1081 (Ind.1982) ]. "To unreservedly hold the door open for appellate review under the post conviction remedy rules, regardless of the circumstances which preceded, would perforce characterize post conviction relief as some sort of 'super-appeal' contrary to its intended function." *Langley v. State,* [256 Ind. 199, 210, 267 N.E.2d 538, 544 (1971) ].

We recently stated, by way of dicta, that a claim of fundamental error can be raised in a post-conviction petition regardless of whether such issue was waived in the direct appeal process. This Court asserted, "it is through a showing of fundamental error that the post conviction court can bypass an obstacle to reaching the merits of a free standing claim erected by a prior procedural default." *Snider v. State,* [468 N.E.2d 1037, 1039 (Ind.1984) ].

An error characterized as fundamental is one which is "blatant" and which if not rectified would deny the petitioner "fundamental due process." *Terry v. State,* [465 N.E.2d 1085 (Ind.1984) ]; *Johnson v. State,* [271 Ind. 145, 390 N.E.2d 1005 (1979) ]. A claim characterized solely as fundamental error is available only on appeal and is raised when there has been a failure to assign an error which is so egregious that it must be decided by the appellate court because of its fundamental nature.

In clarification of the dicta in *Snider, supra,* any issue set forth in a post-conviction petition must be raised within the purview of the post-conviction rules, e.g., deprivation of the Sixth Amendment right to effective assistance of counsel, or be an issue demonstrably unavailable to the petitioner at the time of his trial and direct appeal. Therefore, in a post-conviction petition an allegation of the denial of the petitioner's due process rights may not be raised in the "free standing" form of an allegation of fundamental error.

As a court of review, we cannot ignore a fundamental error apparent on the face of the record. *Griffin v. State,* [439 N.E.2d 160 (Ind.1982) ]; *Young v. State,* [249 Ind. 286, 231 N.E.2d 797 (1967) ]. We do require, however, that such error be raised within the provisions of [P–C.R. 1(1)(a) ].

To the extent that this Court has previously stated that fundamental error can be alleged as such at any time, we modify that proposition to the effect that such error must be raised, in a post-conviction petition, within the rules of post-conviction procedure. *See, e.g., Haggard v. State,* [445 N.E.2d 969 (Ind. 1983) ] (fundamental error can be recognized even if not raised in direct appeal); *Griffin supra* (fundamental error can be recognized at any time); *Nelson v. State,* [274 Ind. 218, 409 N.E.2d 637 (1980) ].

In the instant case, the first two issues raised by appellant were not available to him at the time of his trial and direct appeal.

*Bailey,* 472 N.E.2d at 1262–64.

*Bailey* and *Canaan* limit appellate review of freestanding claims of fundamental error, but they do not place a blanket restriction on the review of claims of fundamental error that arise within the rules of post-conviction procedure. *See Williams v. State,* 737 N.E.2d 734, 740 (Ind.2000) (on review of a petition for post-conviction relief, the supreme court concluded that "[T]he trial court committed fundamental error in not instructing the jury that it had to find that Williams possessed the specific intent to kill when he knowingly or intentionally aided, induced, or caused his backseat accomplice to com-

mit the crime of attempted murder.""). Here, Woodson's claim—that the failure to instruct on specific intent in jury instructions concerning acting as an accomplice to attempted murder is a violation of due process so severe as to constitute fundamental error—was not recognized by our supreme court until after Woodson's trial and direct appeal. *See Spradlin v. State,* 569 N.E.2d 948, 950–51 (Ind.1991); *Bethel v. State,* 730 N.E.2d 1242, 1246 (Ind.2000). Thus, Woodson's claim raises issues that were demonstrably unavailable at the time of trial and direct appeal and may be brought by post-conviction relief proceedings.

Our supreme court's holding in *Sanders* does not overrule or in any way change the reasoning of *Bailey* and *Canaan.* In a petition for post-conviction relief, our court has had and continues to have the power to discuss a claim of fundamental error that arises in the context of ineffective assistance of counsel or as an issue that was not available to the defendant at the time of trial and on direct appeal. We find no error in discussing fundamental error under the facts of this case.

For the foregoing reasons, we reaffirm our opinion.

SULLIVAN, J., concurs.

ROBB, J., concurs in result with separate opinion.

ROBB, Judge, concurring in result with separate opinion.

I concur in the majority's decision to deny the State's petition for rehearing and reaffirm our earlier decision granting Woodson post-conviction relief and a new trial. However, because I believe the Supreme Court's pronouncement in *Sanders v. State,* 765 N.E.2d 591 (Ind.2002), is extremely clear that fundamental error is rarely, if ever, available in post-conviction proceedings, I do not believe that we should analyze Woodson's challenge to the jury instructions given at his trial as fundamental error.

Woodson contends that the failure to instruct the jury in his trial for attempted murder that specific intent to commit murder is required for accomplice liability constitutes fundamental error. His counsel did not object to the allegedly erroneous instructions at trial. The majority concludes that this case is one of the few post-conviction cases in which fundamental error analysis is not precluded because the issue Woodson raises was not recognized until after his trial and direct appeal, making the issue demonstrably unavailable at the time of his trial and direct appeal. I disagree with the majority's statement that the issue was not recognized by our supreme court until after Woodson's trial and direct appeal. *See* op. at 476. *Spradlin v. State* was decided in 1991, before Woodson's trial and direct appeal.[2] The incident from which his charges stemmed occurred in 1993. A *Spradlin* claim was clearly available at the time of his trial.

I acknowledge that *Spradlin* did not address an erroneous attempted murder instruction in the context of accomplice liability. That was not done until 2000, in *Bethel v. State,* 730 N.E.2d 1242 (Ind. 2000). However, because the *Spradlin*

---

**2.** And, although *Spradlin* is the case we most often refer to regarding the "specific intent to kill" element of an attempted murder instruction because it is the clearest pronouncement of this rule, the rule existed prior to *Spradlin,* as well. *See Smith v. State,* 459 N.E.2d 355, 358 (Ind.1984) ("An instruction which correctly sets forth the elements of attempted murder requires an explanation that the act must have been done with the specific intent to kill.").

rule was the law in Indiana for attempted murder at the time of Woodson's trial and direct appeal, the opportunity to seek its extension to accomplice liability was available to either or both his trial and appellate counsel. Counsel could have, in good faith, argued for an extension of the law and at least have preserved the error for appellate review at the time.[3] Thus, although I would hold that there was no fundamental error because the claim was made in a post-conviction proceeding, I would nonetheless hold that Woodson received the ineffective assistance of trial and appellate counsel and was entitled to a new trial.

3. Woodson's post-conviction petition and subsequent appeal raised ineffective assistance claims. We noted in our original opinion that because we were deciding the case on fundamental error, we did not need to address his alternate claims, and we further noted that "an ineffective assistance claim cannot be based on counsel's failure to argue the legal reasoning of cases not yet decided at the time of trial." *Woodson v. State*, 767 N.E.2d 1022, 1029 n. 4 (Ind.Ct.App.2002) (quoting *Shaffer v. State*, 674 N.E.2d 1, 7 (Ind.Ct.App.1996)). I find this case to be distinguishable from *Shaffer*. In *Shaffer*, the issue was counsel's failure to object to the admission of expert bolstering testimony in a child molesting prosecution. At the time of the trial, the law in Indiana affirmatively allowed such testimony, and it was not until three months *after* trial that our supreme court handed down a case changing the law. 674 N.E.2d at 7. In this case, counsel would not have been arguing for a *change* in the law, but for an *extension* of existing law. As the successful claim in *Bethel* shows, such an argument could have been well-taken.