Stephen LAW, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–0302–PC–100.

Court of Appeals of Indiana.

Oct. 22, 2003.

---

Susan K. Carpenter, Public Defender of Indiana, Ruth Johnson, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Stephen R. Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Stephen Law ("Petitioner") appeals from the post-conviction trial court's denial of his petition for post-conviction relief.

We affirm in part, and reverse and remand in part.

### ISSUES

Petitioner claims that he is entitled to post-conviction relief by raising these restated issues for our review:

I. Whether Petitioner received effective assistance of counsel at both the trial level and upon direct appeal; and

II. Whether his convictions for child molesting were supported by sufficient evidence of the victim's age.

### FACTS AND PROCEDURAL HISTORY

The relevant facts supporting Petitioner's convictions were outlined in his direct appeal as follows:

In February of 1992, [Petitioner's] ten-year-old niece, D.W., began living with [Petitioner] and his wife. Several weeks later, D.W. awoke to discover [Petitioner] fondling her "private parts." When D.W. asked [Petitioner] what he was doing, he responded "nothing" and left her alone. [Petitioner] fondled her again the following night. Shortly thereafter, [Petitioner] informed his wife that he was taking D.W. on a trip to the store. Instead, [Petitioner] drove to a parking lot where he ordered D.W. into the back of his van and forcibly engaged in sexual intercourse with her. [Petitioner] later showed D.W. a bullet and warned her that the bullet "would be [hers]" if she told anyone what had happened. [Petitioner] then began having sexual intercourse with D.W. almost everyday.

D.W. eventually discovered that she was pregnant. After learning of the pregnancy, [Petitioner] took his family on a trip to Las Vegas. When they returned, [Petitioner] instructed D.W. to tell his wife that someone in Las Vegas had impregnated her. [Petitioner] manufactured a fake identification which indicated that D.W. was his daughter and then took her to an out-of-state clinic, where she received an abortion.

In May of 1992, [Petitioner] moved his family to a new address, and [Petitioner] persisted to engage in sex with D.W. on a daily basis. Several months later, the family again relocated, and [Petitioner] continued to engage in sex with eleven-year-old D.W. The family's third move occurred approximately one year later. [Petitioner] removed D.W. from school, continued engaging in sex with her once or twice a day, and threatened to harm her and her grandmother if she told anyone of his advances.

[Petitioner] and his family relocated a fourth time when D.W. was 14 years old. [Petitioner] continued to engage regularly in sex with D.W., who ultimately described the events of the past several years to her aunt and her grandmother. Subsequently, [Petitioner] was arrested and charged with two counts of child molesting as Class C felonies, three

counts of child molesting as Class B felonies, and two counts of sexual misconduct with a minor as Class C felonies.

*Law v. State,* No. 49A04–9709–CR–366, slip op. at 2–4, 699 N.E.2d 799 (Ind.Ct. App. July 24, 1998); App. at 279–81.

Petitioner was tried and convicted of two counts of child molesting, as Class C felonies, three counts of child molesting as Class B felonies, and two counts of sexual misconduct with a minor as Class C felonies. The trial court sentenced Petitioner to a term of eighty-four years. On direct appeal this court upheld Petitioner's convictions except for one count of sexual misconduct with a minor that was vacated. On September 2, 1998, the trial court resentenced Petitioner in accordance with our decision.

On April 27, 2001, Petitioner filed a pro se petition for post-conviction relief. The State Public Defender entered its appearance for Petitioner and filed an amended petition on behalf of Petitioner. An evidentiary hearing was held on the issues raised in the amended petition on November 4, 2002. On December 19, 2002, the post-conviction trial court issued its findings of fact and conclusions of law denying Petitioner's request for post-conviction relief. This appeal ensued.

### STANDARD OF REVIEW

The purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Capps v. State,* 709 N.E.2d 24, 25 (Ind.Ct.App.1999). When the petitioner has already been afforded the benefit of a direct appeal, post-conviction relief contemplates a rather small window for further review. *Id.* Petitioners must establish their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5).

A petitioner who has been denied post-conviction relief appeals from a negative judgment. *Prowell v. State,* 741 N.E.2d 704, 708 (Ind.2001). Therefore, the petitioner must convince the court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Ben–Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind.2000), *reh'g denied.*

Since the post-conviction court entered findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6), we will reverse those findings and that judgment only upon a showing of clear error, or that which leaves us with a definite and firm conviction that a mistake has been made. *See Prowell,* 741 N.E.2d at 708; *Ben–Yisrayl,* 729 N.E.2d at 106.

### I. INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL

### STANDARD OF REVIEW

We analyze claims of both ineffective assistance of trial counsel and ineffective assistance of appellate counsel according to the two-part test announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Sada v. State,* 706 N.E.2d 192, 198 (Ind.Ct. App.1999). First, we require the petitioner to show that, in light of all the circumstances, the identified acts or omissions of counsel were outside the wide range of professionally competent assistance. *Id.* This showing is made by demonstrating that counsel's performance was unreasonable under prevailing professional norms. *Id.* Second, we require the petitioner to show adverse prejudice as a result of the deficient performance, that is, that but for counsel's deficient performance, the result of the proceedings would have been different. *Id.* We will find prejudice when the conviction or sentence has resulted from a

breakdown of the adversarial process that rendered the result unjust or unreliable. *Id.* It is not necessary to determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.*

There is a strong presumption that counsel rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment, and the burden falls on the petitioner to overcome that presumption. *Id.* A petitioner must show more than isolated poor strategy, bad tactics, a mistake, carelessness or inexperience; the defense as a whole must be inadequate. *Id.* at 199. Further, when a claim of ineffective assistance of trial counsel is brought on direct appeal, the defendant is foreclosed from subsequently relitigating that claim. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002).

■ The Sixth Amendment entitles a criminal defendant to the effective assistance of counsel not only at trial, but during his first appeal as of right. *Seeley v. State*, 782 N.E.2d 1052, 1059 (Ind.Ct.App. 2003). Although this court and the supreme court have generally considered claims of ineffective assistance of trial and appellate counsel as analogous, there are significant differences between the roles of appellate and trial counsel. *Id.* Our supreme court has recognized three categories of alleged appellate counsel ineffectiveness: (1) denying access to an appeal, (2) failing to raise issues, and (3) failing to present issues competently. *See Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001).

When reviewing a claim of ineffective assistance of appellate counsel regarding the selection and presentation of issues, the defendant must overcome the strongest presumption of adequate assistance.

*Seeley*, 782 N.E.2d at 1059. In determining whether appellate counsel's performance was deficient, we consider the information available in the trial record or otherwise known to appellate counsel. *Id.* The role of appellate counsel should not be measured by information unknown to appellate counsel but later developed after the appeal by post-conviction counsel. *Id.* To prevail upon the claim of ineffective assistance of appellate counsel, the petitioner must show from the information available in the trial record or otherwise known to appellate counsel that appellate counsel failed to present a significant and obvious issue and that this failure cannot be explained by any reasonable strategy. *Id.*

■ When the issue of ineffective assistance of appellate counsel is based upon appellate counsel's failure to properly raise and support a claim of ineffective assistance of trial counsel, the petitioner faces a compound burden. *Id.* Petitioner must demonstrate that appellate counsel's performance was deficient and that, but for the deficiency of appellate counsel, trial counsel's performance would have been found deficient and prejudicial. *Id.* The petitioner must establish the two elements of ineffective assistance of counsel separately as to both trial and appellate counsel. *Id.*

## A. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner alleges that his trial counsel provided ineffective assistance by failing to introduce evidence to rebut the State's evidence on the issue of the victim's age at the time of the offenses and by failing to object to the admission of certain evidence. He further claims that the accumulation of those errors amounts to ineffective assistance of trial counsel.

### 1. Failing to introduce evidence of leases to rebut evidence of age of victim.

Petitioner claims that his trial counsel performed deficiently by failing to introduce records of leases entered into by Petitioner to establish the dates when Petitioner lived at various addresses referred to in D.W.'s testimony. Petitioner contends that his trial counsel should have produced this evidence to establish that D.W. was twelve years old or older when the crimes occurred.

The offenses challenged here on appeal were alleged to have been committed in 1992 and 1993. Ind.Code § 35–42–4–3 [1] read as follows at that time:

(a) A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony....

(b) A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony....

The sentencing range for a B felony at that time was 6 years to 20 years. Ind. Code § 35–50–2–5. The sentencing range for a C felony at that time was 2 years to 8 years. Ind.Code § 35–50–2–6.

Although we appreciate the dilemma presented to Petitioner's trial counsel, effective counsel would have pursued the lease evidence to challenge the State's evidence of the victim's age. We acknowledge that presenting both defenses—the Petitioner did not commit the crimes, but

if the fact finder finds that Petitioner did commit the crimes then the victim was more than twelve years old when they occurred—would have seemed somewhat contradictory. However, in light of the penal consequences facing Petitioner the lease evidence should have been presented to oppose the victim's testimony.

Further evidence in support of our conclusion that trial counsel's performance was ineffective is his own testimony at the hearing on the petition for post-conviction relief. At that hearing, trial counsel testified that the age of the victim was important because it was an element of several of the offenses (Appellant's App. at 201), that he and Petitioner had discussed obtaining lease records (Appellant's App. at 201), that he attempted to introduce a lease through Petitioner's wife, but she denied her signature (Appellant's App. at 205), and that he could have introduced certified copies of the leases as business records, but did not get any leases certified because he did not anticipate that Petitioner's wife would deny her signature (Appellant's App. at 205). Therefore, the record does not reflect that counsel made a strategic decision only to deny that the crimes occurred.

The lease for the Limestone Street address, a location used to establish D.W.'s age at the time of the crimes, shows a beginning date of July 6, 1992, and a June 30, 1993 expiration date. D.W. was born on March 22, 1981. D.W. was under twelve years of age for approximately eight months of that time. Even if that lease had been introduced, the jury could have found Petitioner guilty of Count I and Count II. We can not say that trial counsel's ineffectiveness was prejudicial to Petitioner as to Count I and Count II. The

---

**1.** In 1994 the statute was amended to substitute fourteen for twelve, as the age of the child, among other changes.

jury could have concluded that D.W. was confused as to the dates involved and not about the location.

Count III was alleged to have occurred when the Petitioner's family lived on Commons Drive and when D.W. was less than twelve years old. Count IV was alleged to have occurred when the Petitioner's family lived on Norwich Street and when D.W. was less than twelve years old.

Lease records introduced at Petitioner's hearing on his petition for post-conviction relief indicate that Petitioner's family moved to the Commons Drive address on June 25, 1993 and that a notice of claim of possession for that real estate was dated August 10, 1993. Records also established that Petitioner's family moved to the Norwich Street address in August of 1993 and an order to appear was served on Petitioner at that address on March 1, 1994. Again, D.W. was born on March 22, 1981.

D.W. was unequivocal in her testimony that Petitioner had sexual intercourse with her and about the location of the offenses. Her testimony was uncertain regarding specific dates. Therefore, the lease records and other notices introduced at the post-conviction relief hearing do not contradict D.W.'s testimony that the offenses occurred at specific locations, but do contradict her testimony regarding the dates of the offenses, and consequently, her age at the time the offenses occurred. This information should have been placed before the jury for evaluation and consideration and might have resulted in a different outcome as to Count III and Count IV. The failure to present the lease evidence amounted to ineffective assistance of counsel resulting in prejudice to Petitioner.

We find that trial counsel's performance was deficient, that Petitioner was prejudiced by this deficiency, and that the post-conviction court's finding to the contrary is clearly erroneous. Therefore, we remand Count III and Count IV to the trial court for a new trial.

Petitioner did not challenge and does not present an argument regarding Counts V and VI. Therefore, we do not consider them here and any further argument as to those counts is waived.

### 2. Failure to object.

Petitioner argues that his trial counsel was ineffective by failing to object to evidence that D.W. became pregnant, that Petitioner assisted her in procuring an abortion, and that Petitioner bought drugs and alcohol for D.W. and her friends. Although the failure to object to the admission of the handwritten letter from the Petitioner to D.W. was mentioned in the petition little evidence was presented at the hearing.

In order to establish ineffective counsel for failure to object, a petitioner must establish that the trial court would have sustained the objection had one been made and that the petitioner was prejudiced by the failure to object. *See Wrinkles v. State*, 749 N.E.2d 1179, 1192 (Ind. 2001). Trial counsel testified at the post-conviction relief hearing that he did not remember whether he had objected to the evidence in question. (Appellant's App. 202–03). He then went on to testify that he did not make a conscious decision not to object to the evidence. (Appellant's App. 203, 211). The trial court had determined when ruling on a motion in limine that the evidence was admissible. At the hearing on the petition, Petitioner failed to present evidence to show that the court would have sustained the objections had they been made or that Petitioner was prejudiced by the failure of counsel to make the objections.

A defendant's prior bad acts generally are admissible to show the relationship between the defendant and the victim.

*See Ross v. State,* 676 N.E.2d 339, 346 (Ind.1996). In addition, evidence of a victim's past sexual conduct with a defendant is admissible in a prosecution for a sex crime. *See* Ind. Evidence R. 412(a)(1). Because the evidence at issue is relevant to illustrate the relationship between the Petitioner and D.W. it is unlikely that the trial court would have reversed its previous determination that the evidence was admissible. Although trial counsel did not recall his reason for failing to object to that evidence, counsel's failure to object did not amount to deficient performance on his part. Petitioner failed to meet his burden of establishing that had an objection been made, that the trial court would have sustained the objection. The post-conviction trial court's finding that trial counsel was not ineffective is correct.

### 3. Accumulation of Errors

Petitioner claims that the accumulation of errors should have led the post-conviction trial court to the conclusion that Petitioner received ineffective assistance of trial counsel. We agree that Petitioner has established that trial counsel's performance was deficient as it related to Counts III and IV and the failure to pursue admission of the lease evidence to rebut the evidence of the victim's age at the time of the offenses. We reverse the post-conviction court's decision in that regard and remand those counts to the trial court for a new trial. However, trial counsel's performance was not deficient as to the other counts and we affirm the post-conviction trial court's decision. Petitioner has failed to establish that had trial counsel objected to the evidence at issue that the trial court would have sustained those objections. Therefore, we find the post-conviction trial court's findings and conclusions in that regard to be correct. While we do find error as to Counts III and IV we do not find an accumulation of errors.

### 4. Opportunity to Testify

■ Petitioner claimed in his petition that he wanted to testify, but his trial counsel did not present his testimony. Petitioner does not raise this argument in this appeal. However, had Petitioner raised the issue here, we would find trial counsel's performance to be effective. Trial counsel was successful in obtaining a ruling granting his motion in limine regarding a prior unrelated conviction for child molesting. Had Petitioner testified, this conviction might have become admissible. Trial strategy could have dictated not risking the admission of that evidence by presenting Petitioner as a witness. Nevertheless, any argument Petitioner might have had relating to this issue is waived.

## B. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner claims that his appellate counsel was ineffective for failing to raise on appeal the propriety of the flight instruction which was given at trial and the issue of the admission of letters over trial counsel's objections.

### 1. Flight Instruction

■ Petitioner alleges that appellate counsel was ineffective by failing to present for our review the propriety of the flight instruction that was given at trial. Petitioner's trial began on April 28, 1997 and concluded on April 29, 1997. The decision in Petitioner's direct appeal was issued on July 24, 1998. Although the supreme court had recommended against the use of flight instruction language like that used at Petitioner's trial in *Bellmore v. State,* 602 N.E.2d 111 (Ind.1992), the supreme court did not find that it was error to give a flight instruction until its decision in *Dill v. State,* 741 N.E.2d 1230 (Ind.2001). As we have previously stated, a failure to anticipate or effectuate a change in the existing law does not consti-

tute ineffective assistance of counsel. *See Heyward v. State*, 769 N.E.2d 215, 220 (Ind.Ct.App.2002). Therefore, we find that Petitioner has failed to establish that appellate counsel was ineffective for failing to challenge a flight instruction that was not considered to be erroneous though recommended against.

### 2. Admission of Letters

Petitioner asserts that he received ineffective assistance of appellate counsel because the trial court's decision to admit into evidence over Petitioner's objection letters written by Petitioner was not raised as error by appellate counsel in Petitioner's direct appeal. One of the letters was written to D.W. and the other letter was written to Petitioner's children while Petitioner was being detained in Puerto Rico.

 Petitioner's appellate counsel provided effective assistance. The letter to D.W. included statements about his prior conduct with D.W. Evidence of prior bad acts is admissible to show the relationship between the Petitioner and the victim. *See Fry v. State*, 748 N.E.2d 369, 372 (Ind.2001). Further, D.W. previously had testified to their relationship. The information in the letter was cumulative of that testimony. The admission of cumulative evidence alone is not grounds for reversal. *Bradley v. State*, 770 N.E.2d 382, 386 (Ind. Ct.App.2002).

 The information in the letter from Petitioner to his children includes references to his prior bad acts in his relationship with D.W. among other things. Petitioner argues on appeal that Petitioner's references in the letter to being incarcerated might have given the jury the impression that he was incarcerated on unrelated charges and that admission of this evidence was prejudicial to Petitioner. The letter also contains an explanation to Petitioner's children about his reason for using a different name and his trip to the Virgin Islands. D.W.'s grandmother had previously testified about communications with Petitioner and whether they had occurred before or after Petitioner left for the Virgin Islands. The evidence is cumulative of much of the evidence already admitted at trial and would not have presented grounds for reversal. *See id.* Further, Petitioner did not establish how the Petitioner's direct appeal would have turned out differently had the issue been raised. There is a strong presumption of adequate assistance of counsel when the issue involves raising an issue on appeal. *See Seeley*, 782 N.E.2d at 1059. Petitioner has failed in his burden of overcoming that presumption.

## II. SUFFICIENCY OF EVIDENCE AND FUNDAMENTAL ERROR

Petitioner alleges that the State failed to prove sufficiently that D.W. was under twelve years of age when she was molested. The State argues that consideration of this sufficiency of the evidence issue is barred by res judicata, because the issue was available for review in Petitioner's direct appeal although not argued.

 Petitioner took a direct appeal in which he attacked the sufficiency of the evidence supporting his convictions for child molesting/sexual intercourse and sexual misconduct with a minor. Specifically, he argued that D.W. did not describe the offenses in sufficient detail, that the State did not question D.W.'s knowledge of sexual organs, and that the State did not introduce medical evidence to establish that penetration had occurred. In other words, Petitioner's sufficiency argument mirrored his argument at trial; that Petitioner did not commit the crimes. We affirmed the child molesting/sexual intercourse convic-

tions concluding that the evidence was sufficient. We reversed the trial court on one count of sexual misconduct with a minor. *See Law v. State*, No. 49A04–9709–CR–366, 699 N.E.2d 799 (Ind.Ct.App. July 24, 1998).

Petitioner attempts to avoid the application of res judicata to this argument by claiming that the State's failure to prove sufficiently an element of the offenses, the victim's age, constituted fundamental error. Petitioner claims that this error was "demonstrably unavailable to [him] prior to post-conviction relief due to ineffective assistance of counsel." Appellant's Br. at 21.

The fundamental error exception to the waiver rule is available only where the record reveals clearly blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied. *See Minnick v. State*, 698 N.E.2d 745, 759 (Ind.1998). A court on appeal views this exception as an extremely narrow one, available only when the record reveals clearly blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied. *Canaan v. State*, 683 N.E.2d 227, 236 n. 6 (Ind.1997). While concerns over due process do sometimes merit invocation of a fundamental error exception to the contemporaneous objection rule on direct appeal, we think its availability as an exception to the waiver rule in post-conviction proceedings is generally limited to instances of Sixth Amendment right to counsel or to an issue demonstrably unavailable to the petitioner in prior proceedings. *Bailey v. State*, 472 N.E.2d 1260, 1263 (Ind.1985); *Capps v. State*, 709 N.E.2d 24, 26 n. 2 (Ind.Ct.App.1999); *Woodson v. State*, 778 N.E.2d 475, 479 (Ind.Ct.App.2002).

In a petitioner's post-conviction petition an allegation of the denial of the petitioner's due process rights may not be raised in the "free standing" form of an allegation of fundamental error. *See Woodson*, 778 N.E.2d 475, 478 (Ind.Ct. App.2002). Petitioner had communicated to his trial counsel that there was a problem with the dates the offenses were alleged to have occurred. Therefore, the issue was not demonstrably unavailable to Petitioner in prior proceedings. The argument about the sufficiency of the evidence of D.W.'s age was available to Petitioner on direct appeal and a direct attack on that issue is inappropriate now.

Trial counsel's failure to pursue the lease evidence, which would have contradicted the State's evidence of the dates of the offenses, and consequently, the age of the victim, directly bore on the issue of the sufficiency of the evidence of the victim's age. Trial counsel acknowledged that evidence of the victim's age was important because it was an element of several of the offenses. We already have determined that trial counsel's ineffective assistance prejudiced Petitioner as to two of the counts against him. Therefore, without deciding the issue here, because it has been waived, we have concluded that the jury should have had the opportunity to resolve the issue of the victim's age at the time the offenses occurred.

## CONCLUSION

Petitioner has failed to establish that he was prejudiced by the ineffective assistance of his trial counsel as it relates to Counts I and II. Petitioner has established that trial counsel's performance was deficient and that he was prejudiced by that deficiency as it relates to Counts III and IV. Petitioner did not bring any challenges as to Counts V and VI. Petitioner has failed to establish that he received ineffec-

tive assistance of appellate counsel. Last, although the sufficiency argument raised on direct appeal did not include an argument about the victim's age at the time of the offenses, the issue was available to Petitioner and was waived when not presented on direct appeal.

Affirmed in part, and reversed and remanded in part.

DARDEN, J., and KIRSCH, J., concur.