Michael A. ALLEN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 51A01–0207–PC–248.

Court of Appeals of Indiana.

Feb. 11, 2003.

Publication Ordered July 10, 2003.

[redacted]

[redacted]

[redacted]

---

Michael A. Allen, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Michael A. Allen appeals the denial of his petition for post-conviction relief. Allen raises three issues for our review. To dispose of Allen's appeal, we need address only one of those issues: whether the post-conviction court erred when it disposed of Allen's petition based upon the pleadings. However, as the issue may recur on remand, we address Allen's second issue: whether the post-conviction court abused its discretion when it denied Allen's requests to subpoena witnesses. We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On April 17, 1997, Allen was convicted of voluntary manslaughter. We affirmed that conviction in a memorandum opinion. *Allen v. State,* 701 N.E.2d 937 (Ind.Ct.App. 1998), *trans. denied.*

On April 13, 1999, Allen filed a *pro se* petition for post-conviction relief. In his petition he raised three issues: (1) whether evidence not presented at trial requires the vacation of his conviction; (2) whether Allen's trial attorney provided ineffective assistance to Allen; and (3) whether the prosecutor committed misconduct justifying a reversal of Allen's conviction. At separate times, two public defenders entered appearances on Allen's behalf and then withdrew. The record before us does not indicate that either of those attorneys amended Allen's original petition. The State denied the truth of Allen's three claims and raised the defenses of waiver, laches, and res judicata.

In December of 2001, Allen filed a motion to set a hearing date. In January of 2002, Allen filed eight requests for subpoenas, along with affidavits in support of each. On February 12, Allen again filed a motion to set a hearing date. In March, Allen filed a request for appointment of counsel. In April, Allen filed a request for DNA testing and filed a motion to compel the post-conviction court to set a hearing date. On May 17, 2002, the post-conviction court denied Allen's petition for post-conviction relief in an order that also denied Allen's requests for subpoenas, denied Allen's request for pauper counsel, denied Allen's motion for discovery and production of evidence, denied Allen's request for DNA testing and analysis, and denied Allen's motion to compel the court to set a hearing date. Allen appeals.

## DISCUSSION AND DECISION

Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Conner v. State*, 711 N.E.2d 1238, 1244 (Ind. 1999), *reh'g denied, cert. denied*, 531 U.S. 829, 121 S.Ct. 81, 148 L.Ed.2d 43 (2000); *see also* Ind. Post–Conviction Rule 1(1)(a). Such proceedings are not "super appeals" through which convicted persons can raise issues that they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind.2002), *reh'g denied.* Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. P–C.R. 1(5).

When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Curry v. State*, 674 N.E.2d 160, 161 (Ind.1996). Consequently, we may not reverse the judgment of the post-conviction court unless the petitioner demonstrates that the evidence "as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not give deference to the court's conclusions of law. *State v. Van Cleave*, 674 N.E.2d 1293, 1295–96 (Ind.1996), *reh'g granted on other grounds*, 674 N.E.2d 1293, *cert. denied*, 522 U.S. 1119, 118 S.Ct. 1060, 140 L.Ed.2d 121 (1998).

### 1. Summary Disposition of Post–Conviction Petition

The post-conviction court found that "summary disposition of the Petition is appropriate." (Appellant's App. at 181.) Before we can determine whether the post-conviction court erred by so finding, we must determine the standard by which we review the post-conviction court's decision.

### A. Standard of Review

The State asserts that the appropriate standard of review in this situation is whether "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law" under Ind. Post–Conviction Rule 1, section 4(g). Allen argues that the appropriate standard is whether "the pleadings conclusively show that petitioner is entitled to no relief" under Ind. Post–Conviction Rule 1, section 4(f). We agree with Allen.

Post–Conviction Rule 1, section 4 contains two subsections indicating that a court may deny a petition without a hearing. First, in subsection f, the rule provides: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." Second, in subsection g, the rule provides:

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Disposal of a petition under each of these two subsections leads to a different standard of review on appeal.

When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings.[1] The court errs in disposing of a

---

1. We set out the standard of review for a motion for judgment on the pleadings in

*Loomis v. Ameritech Corp.*, 764 N.E.2d 658,

petition in this manner unless "the pleadings conclusively show that petitioner is entitled to no relief." P.–C.R. 1 § 4(f). If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is entitled to relief on those questions. *Clayton v. State*, 673 N.E.2d 783, 785 (Ind.Ct.App.1996). However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f). *Id.* at 786. "This is true even though the petitioner has only a remote chance of establishing his claim." *Id.* at 785.

■ On the other hand, when a court disposes of a petition under subsection g, we review the lower court's decision as we would a motion for summary judgment.[2] *Hough v. State*, 690 N.E.2d 267, 269 (Ind.1997), *reh'g denied, cert. denied,* 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998). We face the same issues that were before the post-conviction court and follow the same process. *Poling v. State*, 740 N.E.2d 872, 877–878 (Ind.Ct.App. 2000). A grant of summary disposition is erroneous unless "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 878; P–C.R. 1 § 4(g). We must resolve all doubts about facts, and the inferences to be drawn from the facts, in the non-movant's favor. *Id.* at 878. The appellant has the burden of persuading us that the post-conviction court erred. *Id.*

The differences in the manner in which we review decisions made under the two subsections lead us to conclude that these two subsections of the post-conviction rule were intended to create two independent means by which a court could summarily dispose of a post-conviction petition. Consequently, to determine the appropriate standard of review for the court's disposal of Allen's petition, we must determine whether the court disposed of Allen's petition under subsection f or subsection g of Post–Conviction Rule 1, section 4.

■ Under the plain language of subsection g, a court may grant summary disposition after "a motion by either party" and after considering the pleadings and other evidence submitted. P.–C.R. 1 § 4(g). The language of subsection f, on the other hand, permits a court to deny a petition based upon only the pleadings and apparently without a motion by either party. Here, the chronological case summary indicates that neither party moved for summary disposition of Allen's petition. In addition, the court made its decision based upon only the pleadings. Therefore,

661 (Ind.Ct.App.2002) (internal citations omitted), *reh'g denied, trans. denied:*

Our review of the trial court's ruling on a T.R. 12(C) motion is de novo and a motion for judgment on the pleadings will not be granted unless it is clear from the face of the complaint that under no circumstances could relief be granted. In reviewing a T.R. 12(C) dismissal, courts of appeal accept as true all well-pleaded facts set out in the complaint. We look only to the pleadings in making this assessment.

2. Our standard of review for the grant of a motion for summary judgment is:

This court stands in the shoes of the trial court when it reviews the grant or denial of a summary judgment motion. When the designated materials show that there is no genuine factual issue and that the movant is entitled to judgment as a matter of law, the grant of a summary judgment motion will be affirmed. We construe the evidence in the nonmovant's favor, resolving doubts about the existence of a genuine factual issue against the motion's proponent. A grant of summary judgment may be affirmed on any theory that the designated materials support.

*Mortgage Credit Serv., Inc. v. Equifax Credit Info. Serv., Inc.,* 766 N.E.2d 810, 812 (Ind.Ct. App.2002) (internal citations omitted).

the post-conviction court's decision must have been made pursuant to section 4(f).

█ Under section 4(f), Allen had a burden only to plead facts that raised an issue of possible merit. *See Clayton,* 673 N.E.2d at 786. At this stage of the proceedings, Allen did not, as the State argues, have a burden to prove the existence of a genuine issue of material fact. We turn now to whether the post-conviction court properly disposed of Allen's petition under the standard of review for subsection f.

### B. *Review of Lower Court's Decision*

To review, a post-conviction court may dispose of a petition under section 4(f) if "the pleadings conclusively show that petitioner is entitled to no relief." If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is entitled to relief on those questions. *Id.* at 785. However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f). *Id.* at 786. This is the case even if the petitioner has little chance of establishing his claims. *Id.* at 785. Allen alleged three errors in his petition for post-conviction relief, and we address each independently.

### (1.) *Previously Unpresented Evidence*

First, Allen claimed that there is evidence not previously presented that requires vacation of his sentence. To support this statement, Allen claimed that the coroner's report and the pathologist's report indicate three witnesses gave false testimony at his trial. We construe his allegation to be one of newly discovered evidence.

█ To receive a new trial based upon newly discovered evidence, a petitioner must demonstrate nine things:

(1) the evidence was not available at trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result.

*State v. McCraney,* 719 N.E.2d 1187, 1190 (Ind.1999). The party requesting the new trial has the burden of demonstrating the existence of all nine factors. *Denney v. State,* 695 N.E.2d 90, 93 (Ind.1998).

The evidence that Allen claims was not presented—portions of the coroner's report and the pathologist's report—was available at trial. In fact, Allen's petition indicates that at least part of the coroner's report was presented to the jury. As a result, due diligence would have allowed Allen or his attorney to discover the alleged conflicts between the witnesses' versions of events and the reports. Consequently, even if we take the well-pled facts as true, this evidence would not justify reversing Allen's conviction and granting his request for a new trial. *Id.* at 94 ("[A] defendant in possession of evidence who fails to present it at trial cannot use the evidence as a basis for a new trial following an unfavorable verdict.").

The post-conviction court did not err when it denied this claim as a matter of law based upon the pleadings.

### (2.) *Prosecutorial Misconduct*

Second, Allen claimed that the prosecutor committed misconduct when he suppressed evidence by not calling members of the homicide team, the coroner, the pathologist, the DNA analyst, and an Indiana State Trooper to testify about their findings. Assuming *arguendo* the prosecutor did not call those persons to testify at Allen's trial, the post-conviction

court did not err by granting judgment on the pleadings as to this issue.

■■■■■ A defendant waives a claim of prosecutorial misconduct based upon suppression of exculpatory evidence if such claim is not brought on direct appeal. *Capps v. State*, 709 N.E.2d 24, 26 (Ind.Ct. App.1999), *trans. denied.* In post-conviction proceedings, a petitioner may assert prosecutorial misconduct only in the context of ineffective assistance of counsel. *Id.* In his petition, Allen asserted prosecutorial misconduct as a freestanding claim. That claim is waived for post-conviction proceedings. *See id.* Consequently, the court did not err when it denied this claim as a matter of law based upon the pleadings.[3]

### (3.) *Ineffective Assistance of Trial Counsel*

Third, Allen claims that his trial counsel provided ineffective assistance. Allen claims that his trial counsel erred by not deposing some seventy witnesses, two of whom died prior to trial, by not hiring a blood splatter expert the court had approved, by not showing an investigator's report to the jury, and by not calling witnesses that Allen asked him to call. The post-conviction court held:

> 13. All issues presented by the Defendant in the Petition that are related to the manner in which trial counsel, appellate counsel, or both heretofore litigated the Defendant's case either have

been waived or are without merit. The evidence of record and the Defendant's own contentions establish that trial counsel and appellate counsel properly investigated and presented the Defendant's positions during trial and during the subsequent appeal, and the Defendant has suggested no good faith reasons for the Court to conclude otherwise.

(Appellant's App. at 181.)

■■■ First, we address the post-conviction court's statement that all effective assistance of counsel questions "have been waived." (*Id.*) Our supreme court has held that ineffective assistance of counsel questions, if not raised on direct appeal, may be presented at post-conviction relief proceedings. *Woods v. State*, 701 N.E.2d 1208, 1220 (Ind.1998), *reh'g denied, cert. denied,* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). Consequently, Allen did not waive his ineffective assistance of trial counsel claim by failing to raise it on direct appeal. *See id.* In addition, as this is Allen's first post-conviction relief petition, he could not have waived the issue by failing to raise it at an earlier post-conviction proceeding. *Cf.* P.–C.R. 1 § 8. Therefore, Allen had not waived this issue.

■■■ Second, we address the court's finding that Allen's ineffective assistance of counsel claim is "without merit" because "the evidence of record" and Allen's contentions "suggested no good faith reasons for the Court to conclude otherwise." (Ap-

---

**3.** While we dispose of this issue on waiver grounds, we note that a prosecutor's failure to call witnesses to testify regarding materials favorable to the defendant is not the "suppression of evidence" that the Supreme Court forbade in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Rather, that case involved a prosecutor's failure to give the defendant copies of an accomplice's statement, which was favorable to the defendant, upon the defendant's pre-trial request.

*See id.* at 87, 83 S.Ct. 1194. Allen does not allege that the prosecutor failed to give reports or findings to him upon his request, and, therefore, it appears this allegation would have failed on the pleading for a second reason. *See, e.g., Schmidt v. State*, 256 Ind. 218, 267 N.E.2d 554, 555 (1971) (where defendant's *Brady* argument failed because she had not been deprived of evidence by the prosecutor).

pellant's App. at 181.) This language suggests that the post-conviction court applied an inappropriate standard when reviewing Allen's claim. At this stage of the proceedings, we have only the pleadings; consequently, there is no "evidence of record" to consider. Rather, the trial court should accept the well-pled facts as true and determine whether the petition raises an issue of possible merit.

We have previously considered whether a petitioner's claim of ineffective assistance of counsel could survive dismissal on the pleadings. There, we held that whether counsel provided effective assistance is an evidentiary question. *Clayton*, 673 N.E.2d at 786. "As such, resolution of the issue revolves around the particular facts of each case." *Id.* Consequently, when a petitioner alleges ineffective assistance of counsel, and the facts pled raise an issue of possible merit, the petition should not be summarily dismissed. *Id.*

Here, Allen's petition for post-conviction relief alleged four types of errors committed by his trial counsel: failure to depose witnesses, failure to hire an expert, failure to present evidence to the jury, and failure to call witnesses at trial. The State denied Allen's allegations generally; however that is insufficient to invalidate Allen's petition. *See Gann v. State*, 550 N.E.2d 803, 805 (Ind.Ct.App.1990). Consequently, Allen's petition raises an issue of possible merit, and we remand for further proceedings not inconsistent with this opinion. *See id.*

### 2. Denial of Subpoenas

 Because the issue may recur on remand, we briefly address Allen's second issue, which is whether the post-conviction court abused its discretion when it denied Allen's requests to subpoena witnesses for the hearing he requested. The post-conviction rules provide:

If the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.

P.–C.R. 1, § 9(b). The court has discretion to determine whether to grant or deny the petitioner's request for a subpoena. *See Badelle v. State*, 754 N.E.2d 510, 536 (Ind.Ct.App.2001), *trans. denied*. An abuse of discretion has occurred if the court's decision is against the logic and effect of the facts and circumstances before the court. *Breeden v. Breeden*, 678 N.E.2d 423, 426 (Ind.Ct.App.1997).

Here, the post-conviction court denied all of Allen's requests to subpoena witnesses. In denying those requests, the post-conviction court found:

4. The Court now denies the Defendant's multiple requests to issue subpoenas to compel the attendance of witnesses, because no hearing date has been scheduled, and the issuance of such subpoenas would be untimely.

(Appellant's App. at 181.) Because the trial court was not holding a hearing at which the witnesses could testify, we cannot say that the trial court abused its discretion when it denied Allen's requests to subpoena witnesses.

### CONCLUSION

We affirm the post-conviction court's grant of judgment on the pleadings on Allen's issues regarding the evidence not presented at trial and the prosecutor's al-

leged misconduct. Allen's ineffective assistance of counsel allegation, on the other hand, raises an issue of possible merit; therefore, the court erred when it granted judgment on the pleadings as to that issue. Because there was not going to be a hearing, the post-conviction court did not abuse its discretion when it refused to grant subpoenas. We remand for further proceedings on Allen's claim that he received ineffective assistance from his trial counsel.

Affirmed in part, reversed in part, and remanded.

RILEY, J., and ROBB, J., concur.

### ORDER

This Court heretofore handed down its opinion in this appeal on February 11, 2003, marked Memorandum Decision, Not for Publication.

Comes now Deputy Public Defender Tracy A. Nelson and files herein Verified Motion for Leave to Move for Publication and Motion for Publication, alleging therein that the Appellant in this case was a *pro se* litigant who contested the erroneous dismissal of a Petition for Post–Conviction Relief; that erroneous dismissal of Petitions for Post–Conviction Relief is an issue which the Office of the Public Defender of Indiana deals with on a recurring basis and the deputies in said office have a unique interest in the opinion in this case; that publication of this opinion satisfies the requirements of Appellate Rule 65(A)(1) because it clarifies the different standards of review applicable to summary dispositions under Section 4(f) and 4(g) of Indiana Post–Conviction Remedy Rule 1.

The Court having examined said Motion, having reviewed its opinion in this case and being duly advised, now finds that said Motion to Publication should be granted.

IT IS THEREFORE ORDERED that the above-described Verified Motion for Leave to Move for Publication and Motion to Publication is GRANTED and this Court's opinion heretofore handed down in this cause on February 11, 2003, marked Memorandum Decision, Not for Publication, is now ordered published.