## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2015, 5:48 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Joshua Brazzel
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua Brazzel,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

June 24, 2015

Court of Appeals Case No.
47A05-1411-PC-524

Appeal from the Lawrence Superior Court.
The Honorable William G. Sleva, Judge.
Cause No. 47D02-1109-PC-1117

**Baker, Judge.**

[1] Joshua Brazzel appeals the post-conviction relief court's denial of his petition for post-conviction relief. He argues that the post-conviction court erred in finding that one of his claims was barred by res judicata and quashing subpoenas for certain witnesses. In addition he argues that he received ineffective assistance of post-conviction counsel, as well as ineffective assistance of appellate counsel. Finding no error, we affirm.

## Facts

[2] The facts underlying this case are as follows: On January 31, 2008, officers from the Lawrence County Sheriff's Department and the Bedford Police Department executed search warrants on Brazzel's home and storage unit. They found two large trash bags filled with marijuana weighing a total of 3394.9 grams. In the storage unit, they discovered several firearms and 666.6 grams of methamphetamine. A search of a second storage unit revealed two trash bags containing 52.5 pounds and 38.5 pounds of marijuana respectively. Brazzel was charged with dealing in methamphetamine, a class A felony; dealing in marijuana, a class C felony; and receiving stolen property, a class D felony. He was convicted as charged. *Brazzel v. State*, No. 47A04-0907-CR-426, *slip op.* at p. 1-2 (Ind. Ct. App. April 26, 2010) (*Brazzel I*). Brazzel was sentenced to fifty years for the Class A felony conviction, but the trial court did not impose sentences on the two remaining convictions.

[3] Brazzel appealed his convictions, arguing that: 1) the search warrant for his home and storage unit were not supported by probable cause; 2) the officers

who conducted the search exceeded the scope of the warrant; 3) the trial court erred in instructing the jury that intent to deliver may be inferred from the amount of drugs found; and 4) the trial court erred in its sentencing. *See id.* A panel of this Court found that the post-conviction court had erred in failing to sentence Brazzel for his convictions for possession of marijuana and receiving stolen property; we affirmed in all other respects.

[4] On September 9, 2011, Brazzel, pro se, filed his petition for post-conviction relief. On March 4, 2014, the State filed an answer to Brazzel's petition, along with a motion for summary disposition asserting the affirmative defenses of latches, waiver, and res judicata with regard to his claims regarding ineffective assistance of trial counsel.

[5] On May 16, 2014, Brazzel submitted a potential witness list, along with a request for subpoenas. On May 21, 2014, the State filed an objection to the issuance of the subpoena, renewing its motion for summary disposition. On May 28, 2014, the post-conviction court granted Brazzel's requests for subpoenas for Eric Hackney, Keygan Matheny, Donny Matheny, Sophia Keller, Andrew Phillips, and Michael Murphy.

[6] However, on August 6, 2014, the post-conviction court quashed the subpoenas for Hackney, Keygan Matheny, Donny Matheny, Keller, and Phillips, finding that Brazzel's purpose in calling them was to attempt to attack the sufficiency of the probable cause supporting the search warrants for his home and storage unit, an issue that had been litigated and determined by this court in *Brazzel I.*

The post-conviction court found against Brazzel on this issue and did not allow him to present evidence regarding the search warrant.

[7] On August 11, 2014, the post-conviction court held an evidentiary hearing. At the hearing, the post-conviction court noted on the record that it had denied Brazzel's request for subpoenas for Aaron Shouls, Phil Wigley, Dave Flynn, and Michael Branham because Brazzel had failed to comply with post-conviction rules by failing to submit an affidavit with his request. Brazzel acknowledged that he had not attached affidavits and did not ask for a continuance or an opportunity to provide affidavits. Brazzel was then allowed to present evidence on his claims that his trial counsel and appellate counsel were ineffective.

[8] At the post-conviction hearing, Alicia Cooper, Brazzel's girlfriend, testified that a juror spoke to her during Brazzel's trial. She testified that she and the juror discussed Brazzel and that the juror seemed to disapprove of Brazzel. Trial counsel testified that he did not remember this exchange with a juror. He also testified that if he had knowledge of any such exchange, he would have informed the trial court to protect his client from a juror who could not be impartial.

[9] On October 17, 2014, the post-conviction court denied Brazzel's petition for post-conviction relief. Brazzel now appeals.

# Discussion and Decision

Brazzel argues that the post-conviction court erred when it found that his claim regarding the probable cause underlying the search warrant for his home and storage space was barred by res judicata. He also argues that he received ineffective assistance of post-conviction counsel and appellate counsel.

# I. Standard of Review

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at post-conviction or on direct appeal. *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at post-conviction and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011). We will not reweigh the evidence or

judge the credibility of witnesses, and will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

## II. Subpoenas and Res Judicata

[13] Brazzel first argues that the post-conviction court erred in denying his request for certain subpoenas and limiting his claims to ineffective assistance of counsel. Whether to deny or grant a party's request for a subpoena is within the discretion of the post-conviction court. *Allen v. State*, 791 N.E.2d 748, 757 (Ind. Ct. App. 2003). We review the post-conviction court's decision to grant or deny that request for an abuse of discretion; an abuse of discretion occurs if the court's decision is against the logic and effect of the facts and circumstances before the court. *Id.*

[14] As noted above, the post-conviction court, on its own motion, quashed subpoenas it had issued at Brazzel's request, because it found that Brazzel was attempting to retry certain issues—whether there was probable cause supporting the search warrant for his home and storage unit and whether officers exceeded the scope of the warrant—that were determined in *Brazzel I*. The post-conviction court found that, although Brazzel was attempting to frame the issue

as one of ineffective assistance of counsel, he was, in fact, attempting to re-litigate the issue at the post-conviction level. PCR. App. p. 32-34.[1] [2]

[15] In his affidavits requesting subpoenas for Hackney, Keygan Matheny, Donny Matheny, Keller, and Phillips, Brazzel clearly indicated that his underlying purpose for calling these witnesses was to re-litigate his claims regarding the search warrant and re-try his case. In his request for subpoenas, Brazzel stated that:

1.  Eric Hackney was a necessary witness because he could "testify that all the information he supplied to the police [regarding the warrant] was second-hand, hearsay information . . . this testimony strikes at the heart of the probable cause provided to the court[.]" PCR. App. p. 57.

2.  Keygan Matheny likewise had only second-hand knowledge. *Id.* at 59.

3.  Donny Matheny would testify that he told his son that Brazzel was selling drugs, and this testimony would support Keygan Matheny's testimony that his knowledge was second-hand. *Id.* at 61.

4.  Sophia Keller's testimony was also necessary to support Keygan Matheny's testimony that his knowledge was second-hand. *Id.* at 63.

---

[1] Brazzel first argues that the post-conviction court erred by determining that these issues were res judicata because the State did not assert res judicata. This is simply not true. The State asserted that these issues were barred by res judicata when it moved for summary disposition. *See* PCR App. p. 86.

[2] Brazzel also argues that he was denied due process when the post-conviction court issued an order quashing the subpoenas a week before his hearing. He points to no legal authority, and we find none, that suggests the post-conviction court was not within its authority in doing so.

5. Andrew Phillips's testimony was necessary to show that the confidential informant information supporting the search warrant was "subterfuge." *Id.* at 65.

Brazzel maintains that the post-conviction court's failure to allow him to subpoena the above witnesses was an abuse of discretion.

[16] It is well established that, if an issue was raised and determined on direct appeal, it is res judicata and not subject to consideration for post-conviction relief. *Holt v. State*, 656 N.E.2d 495, 496 (Ind. Ct. App. 1995). Here, it could not be clearer that this Court resolved Brazzel's claims regarding the probable cause supporting the search warrant in *Brazzel I*. No. 47A04-0907-CR-426, *slip op.* at p. 6. Therefore, to the extent that Brazzel was attempting to re-litigate the issue of whether probable cause supported the search warrant for his home and storage unit, the post-conviction court did not err in determining that this issue was res judicata.

[17] To the extent that Brazzel was attempting to argue that his trial counsel was ineffective for failing to call or depose witnesses at the suppression hearing prior to his trial, Brazzel has failed to make an adequate record to allow us to address this issue. Brazzel's affidavits provide us with nothing more than his statement regarding what he hoped each witness might say. Furthermore, he failed to preserve the issue by making an offer of proof regarding what each of these

witnesses might testify to and has therefore waived it. *Dowdell v. State*, 720 N.E.2d 1146, 1150 (Ind. 1999). [3] [4] [5]

# II. Ineffective Assistance of Trial Counsel

[18] Brazzel next argues that he received ineffective assistance of trial counsel. He maintains that trial counsel was ineffective: 1) for failing to inform the post-conviction court about communications between a juror and his girlfriend, Alicia Cooper; and 2) for failing to request that the prosecutor in the case be disqualified due to a conflict of interest.[6] Our Supreme Court has instructed:

> A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth

---

[3] Although Brazzel did make an offer to prove at the post-conviction hearing that was refused by the post-conviction court, nothing kept him from filing an offer in writing after the hearing or requesting a hearing on the matter. However, we do opine the best practice would have been for the post-conviction court to allow Brazzel to make an offer to prove at the post-conviction hearing.

[4] Brazzel acknowledged that he did not submit affidavits with his request for subpoenas for Shouls, Wigley, Flynn, and Branham and had failed to comply with post-conviction rules. He did not ask for a continuance or an opportunity to provide affidavits.

[5] Brazzel also argues that he was denied due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. This argument centers around the post-conviction court's refusal to hear his offer of proof at the hearing or to allow him to present evidence regarding the witnesses mentioned above. Again, we note that nothing prevented Brazzel from filing an offer in writing after the hearing or requesting a hearing on the matter. Therefore, Brazzel did not exhaust his remedies in this matter and we do not find that he was denied due process.

[6] As noted above, Brazzel also argues that trial counsel was ineffective for failing to properly litigate the suppression hearing prior to his trial because he failed to call certain witnesses. Again, we note that Brazzel failed to provide us with an adequate record to consider his claim.

Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The Strickland Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. The two prongs of the Strickland test are separate and independent inquiries. Thus, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.

*Timberlake v. State*, 753 N.E.2d at 603.

[19] Brazzel first argues that trial counsel was ineffective for failing to inform the post-conviction court about improper communications that occurred between Cooper and a juror. Cooper testified at the post-conviction hearing that an impaneled female juror approached her and asked her to lunch. PCR Tr. p. 22. Cooper testified that, although she refused the juror's invitation, the juror discussed Cooper's relationship with Brazzel and seemed to have a negative opinion of him. *Id.* Brazzel argues that trial counsel knew about this interaction and should have reported it to the trial court.

[20] However, at the evidentiary hearing, trial counsel testified that, if he had been told about such a communication, he would have reported it to the trial court. *Id.* at 92. Indeed, during Brazzel's trial, a similar allegation was brought to the

trial court's attention and trial counsel expressed concern about the impartiality of the juror, who was excused. PCR. App. 6. The post-conviction court clearly noted that he did not find Cooper's testimony to be credible, and that he did find trial counsel to be credible. Brazzel's argument is merely a request to judge the credibility of the witnesses and reweigh the evidence, which we will not do. Therefore, this argument fails.

[21] Brazzel next argues that trial counsel was ineffective for failing to request that the prosecutor in the case be disqualified due to a conflict of interest.[7] He points out that the prosecutor, at one time, was a "juvenile referee" in a custody battle between Cooper and Donny Matheny. Appellant's Br. p. 38. Brazzel argues that the prosecutor knew the "key players" in the instant case and could have obtained information from them. *Id.* However, Brazzel has not explained what kind of information the prosecutor could have gleaned from the custody case that would have been relevant to his trial. This argument also fails.[8]

---

[7] Brazzel also argues that trial counsel was ineffective for representing both himself and Cooper. Trial counsel's representation of Cooper is entirely irrelevant as trial counsel did not begin representation of Cooper until after Brazzel's first sentencing hearing.

[8] Brazzel also contends that he was denied due process when the post-conviction court did not allow him to present evidence regarding this alleged conflict of interest. However, the court found that Brazzel was not attempting to elicit evidence in questioning the prosecutor, but to discover evidence. The post-conviction court gave Brazzel the opportunity to present evidence by asking what information he wished to elicit from the prosecutor, and only stopped the questioning when Brazzel stated that he did not know what information he was seeking. PCR Tr. p. 32-35.

# II. Ineffective Assistance of Appellate Counsel

[22] Brazzel also contends that he received ineffective assistance of appellate counsel. He maintains that appellate counsel was ineffective when he submitted to this Court an appendix in which the pagination ran off the page. Ineffective assistance of appellate counsel claims generally fall into three categories: 1) denial of access to an appeal; 2) waiver of issues; and 3) failing to prevent issues well. *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). The standard for evaluating claims of ineffective assistance of counsel at the appellate level is the same two-prong *Strickland* standard used for trial counsel. 466 U.S. at 668; *Allen v. State*, 749 N.E.2d 1158, 1166–67 (Ind. 2001). Therefore, Brazzel must prove that appellate counsel performed deficiently and that he was prejudiced as a result. Id.

[23] Brazzel has failed to show that appellate counsel's actions prejudiced him. This Court decided to hear the merits of his direct appeal, despite any mistakes in the pagination of this appendix. Therefore, this argument fails.

[24] The judgment of the post-conviction court is affirmed.

Najam, J., and Friedlander, J., concur.