## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

09/06/2017, 10:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Johnny Ray Jenkins
New Castle, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnny Ray Jenkins,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Keith Butts,<br>*Appellee-Respondent* | September 6, 2017<br><br>Court of Appeals Case No.<br>33A05-1703-MI-478<br><br>Appeal from the Henry Circuit<br>Court 2<br><br>The Honorable Kit C. Dean Crane,<br>Judge<br><br>Trial Court Cause No.<br>33C02-1608-MI-87 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Johnny Ray Jenkins appeals the trial court's dismissal of his petition challenging the revocation of his parole. We affirm.

# Facts and Procedural History

[2] In January 2011, Jenkins was ordered to serve twelve years in the Department of Correction for several crimes. He was released on parole in December 2015. The following spring, his parole agent initiated revocation proceedings, alleging that he had failed to report as instructed, moved without permission, and used and/or possessed illegal drugs. The parole board held a revocation hearing in July 2016. Jenkins pled guilty to the drug violation (he had tested positive for marijuana, methamphetamine, and morphine), and the board found him guilty of the others. The board revoked Jenkins's parole and ordered him to serve the remainder of his sentence in prison.

[3] In August 2016, Jenkins filed a "Petition for Writ of Habeas Corpus Relief" seeking immediate release. In the petition, Jenkins acknowledged "drug usage," but he nonetheless maintained that "he had not violated his parole." Appellant's App. Vol. II p. 11. The State filed a motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6), asserting that Jenkins could not obtain any relief under his petition because he acknowledged in the petition itself that he had engaged in conduct that constituted a parole violation. Jenkins opposed the motion, but the trial court granted it.

[4] Jenkins now appeals.

# Discussion and Decision

[5] Jenkins contends that the trial court erred by dismissing his petition. Initially, we note that while Jenkins styled his petition as one for a writ of habeas corpus, he is actually seeking post-conviction relief. Our post-conviction rules specifically provide for a claim that parole has been unlawfully revoked:

> Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that his sentence has expired, **his probation, parole or conditional release unlawfully revoked**, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief.

Ind. Post-Conviction Rule 1(1)(a)(5) (emphasis added). Jenkins cites two cases in which we have held that a prisoner who is claiming that his parole was unlawfully revoked and who is requesting immediate release can seek relief through habeas corpus. *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006); *Hannis v. Deuth*, 816 N.E.2d 872, 875 n.2 (Ind. Ct. App. 2004). More recently, however, we have held that a petition for post-conviction relief is the proper way to challenge parole revocation. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *see also Receveur v. Buss*, 919 N.E.2d 1235, 1237 (Ind. Ct. App. 2010), *trans. denied*.

[6] Because Jenkins's petition is essentially one for post-conviction relief, we will treat the trial court's dismissal as a denial of post-conviction relief under Post-

Conviction Rule 1(4)(f), which provides, in part, "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." When a court disposes of a petition under subsection (f), we review the decision as we would a judgment on the pleadings under Trial Rule 12(C). *Allen v. State*, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003), *trans. denied*. That means our review is de novo. *See KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017). We accept well-pled facts as true and will reverse if the petition "raises an issue of possible merit." *Allen*, 791 N.E.2d at 756.

[7] Even under that forgiving standard, we cannot say that the trial court erred. In his petition, Jenkins claimed that "he had not violated his parole," but only after explicitly acknowledging that he had engaged in conduct that constituted a parole violation, namely, "drug usage." Having admitted a parole violation, Jenkins cannot be heard to complain that there was no such violation, and the trial court properly denied his petition.[1]

---

[1] Jenkins also alleged in his petition that the revocation of his parole based on his drug use amounts to double jeopardy because he was already "sanctioned" for that drug use when his parole agent directed him to undergo a substance-abuse evaluation and to follow all recommendations of the treatment provider. Appellant's App. Vol. II p. 11. Jenkins does not cite any authority that supports this novel double-jeopardy claim, and we are not aware of any.

In addition, Jenkins argues on appeal that he was denied due process by the parole board. Because Jenkins did not include such a claim in his petition to the trial court, we will not address it.

[8] Affirmed.

Mathias, J., and Crone, J., concur.