## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 07 2018, 9:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Terrance L. Thomas<br>Pendleton Correctional Facility<br>Pendleton, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Monika Prekopa Talbot<br>Supervising Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terrance L. Thomas,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | November 7, 2018<br><br>Court of Appeals Case No.<br>49A02-1711-PC-2884<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt M. Eisgruber, Judge<br><br>The Honorable Steven J. Rubick, Magistrate<br><br>Trial Court Cause Nos.<br>49G01-0110-PC-197917<br>49G01-1602-PC-5856 |

**Crone, Judge.**

## Case Summary

Terrance L. Thomas, pro se, appeals the denial of his petition for post-conviction relief ("PCR"). Among other things, he argues that the post-conviction court erred in denying his request for subpoenas. Because the court failed to enter a finding that the witnesses' proposed testimony was not relevant and probative as required by Indiana Post-Conviction Rule 1(9), we reverse and remand for further proceedings.

## Facts and Procedural History

In 2003, in cause number 49G01-0110-CF-197917, a jury convicted Thomas of multiple crimes, including two counts of murder, attempted murder, robbery, and conspiracy to commit robbery, and he was sentenced to 148 years. On direct appeal, Thomas's counsel raised the sole issue of whether the trial court erred in admitting an allegedly coerced statement that Thomas made to police. Another panel of this Court found no error and affirmed Thomas's convictions. *Thomas v. State*, No. 49A02-0303-CR-248 (Ind. Ct. App. Nov. 25, 2003).

On September 21, 2004, Thomas, pro se, filed a PCR petition; the cause number was changed to 49G01-0110-PC-197917 ("Cause 197917"). On October 14, 2004, the State filed an answer to the petition. On November 2, 2005, Thomas, by counsel, filed a motion to withdraw the petition without prejudice, which was granted.

On January 13, 2012, Thomas, pro se, filed another PCR petition, which was withdrawn on his own motion on June 19, 2012. The chronological case

summary ("CCS") for Cause 197917 shows no activity between this date and December 28, 2016; the entry for that date shows that a "Petition" was filed by Thomas. Appellant's App. Vol. 2 at 10. But the document linked to that entry in the Odyssey case management system is Thomas's pro se request for issuance of subpoenas, which we discuss in more detail below.

[5] The record before us contains the transcript of a hearing held in cause number 49G01-1602-PC-5856 ("Cause 5856") on December 13, 2016, at which Thomas did not appear and the State was represented by the Marion County Prosecutor's Office. The court stated that Thomas had filed a renewed PCR petition on February 18, 2016,[1] and that "[h]is case was referred to the State Public Defender which filed its notice of non-representation May 25, 2016." Tr. at 4. The court remarked, "Beyond asking the Court to take judicial notice of its own records, Mr. Thomas has made no discovery requests or other requests of the Court." *Id*. The court further stated that Thomas had been "required to submit a case status report October 13, 2016, which was not done, but it appears we did not send a transport order to the Department of Correction for Mr. Thomas." *Id*. The court vacated the hearing, "reset the matter for a contested hearing" on May 16, 2017, and stated that a "[t]ransport

---

[1] The copy of the petition in Thomas's appendix bears the handwritten notation, "Filed December 28th, 2016." Appellant's App. Vol. 2 at 17. But the last page of the petition and the accompanying affidavit of indigency are both dated January 11, 2016. *Id.* at 29, 32. A file-stamped copy of the petition does not appear in Odyssey or anywhere else in the record before us. The CCS in Cause 5856 indicates that Thomas's petition was filed on February 18, 2016, and that the State filed its answer on March 1, 2016. The state of the record in this case is muddled, to say the least.

order will issue to the Department of Correction to bring Mr. Thomas to us on May 15 so he is present for his evidentiary hearing." *Id*. at 4, 5.

[6] On December 28, 2016, the post-conviction court clerk file-stamped Thomas's request for subpoenas for his trial and appellate counsel and his supporting affidavits, which aver that counsel's testimony was required to establish his claims of ineffective assistance of counsel.[2] Confusingly, the affidavits state that "[t]he evidentiary hearing is presently scheduled for December 13th, 2016[,]" and the affidavit of service states that a copy of the documents was served on the Marion County Prosecutor by mail on December 15. Appellant's App. Vol. 2 at 36-38. Thomas's accompanying letter to the clerk is dated December 15. *Id*. at 34. On January 25, 2017, the post-conviction court denied Thomas's request for subpoenas without making the finding required by Indiana Post-Conviction Rule 1(9)(b) ("If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.").

[7] On May 16, Thomas appeared pro se at the previously scheduled hearing. The court said, "All right, Mr. Thomas, this is your opportunity to tell me what you want the Court to know with respect to your petition for post-conviction relief.

---

[2] In his petition, Thomas alleged that trial counsel was ineffective in "failing to tender instructions on Voluntary Manslaughter as a Lesser included offense of Murder …." Appellant's App. Vol. 2 at 18. Thomas alleged that appellate counsel was ineffective in failing to raise a "Dual Enhancement-double Jeopardy issue[,]" in "failing effectively [to] present issues[,]" in "failing effectively to present sentencing issues[,]" and in "failing to challenge the Illegal confession without being given his Miranda rights or the Assistance of Counsel …." *Id*.

You have the floor, sir." Tr. at 9. Thomas admitted that he "[didn't] really know anything about the law" and had been helped by what the court characterized as a "jailhouse attorney[,]" and he responded affirmatively when the court asked if he was "just going to stand on the petition[.]" *Id*. at 10. The court said that it would "try to have a written ruling out in 30 days" and adjourned the hearing. *Id*. at 11.

[8] Almost five months later, on November 14, 2017, the court issued a one-page order denying Thomas's PCR petition that reads in relevant part as follows:

> 2. Defendant filed no motions and made no discovery requests following his February 18, 2016 filing. The pending Petition was scheduled for evidentiary hearing on May 16, 2017. Defendant appeared *pro se* at the hearing but offered no evidence or argument in support of this Petition.
>
> 3. Defendant has failed to properly prosecute his action and has presented no evidence or argument in support of his Petition for Post-Conviction Relief.

Appellant's App. Vol. 2 at 64 (handwritten pagination).[3] Thomas now appeals.

## Discussion and Decision

[9] Thomas raises three issues, one of which we find dispositive: whether the post-conviction court erred in denying his request for subpoenas. A court has discretion to determine whether to grant or deny a petitioner's request for a

---

[3] It appears that a scanner misfeed of pages 60 and 61 affected the PDF pagination of the appendix.

subpoena. *Allen v. State*, 791 N.E.2d 748, 756 (Ind. Ct. App. 2003), *trans. denied*. "An abuse of discretion has occurred if the court's decision is against the logic and effect of the facts and circumstances before the court." *Id*. In this instance, we are unable to determine whether the court abused its discretion because it made no finding that the witnesses' proposed testimony was not relevant and probative as required by Post-Conviction Rule 1(9). The State argues that "it would have been illogical for the post-conviction court to issue subpoenas when no hearing date had been set." Appellee's Br. at 8. This argument is baseless; by the time the court denied the request on January 25, a hearing had been set for May 16.[4] It is conceivable that counsel's testimony would be relevant and probative as to Thomas's claims of ineffective assistance of counsel; it is also conceivable that their testimony would not be relevant or probative because Thomas's claims might fail as a matter of law or because of some other reason.[5] This is a matter for the post-conviction court to determine and make a finding on in the first instance, not for us to determine on appeal. Accordingly, we reverse and remand for further proceedings consistent with this decision.[6]

[10]     Reversed and remanded.


Najam, J., and Pyle, J., concur.

---

[4] And even if a hearing had not been set, it was up to the court, not Thomas, to do so.

[5] Thomas's petition contains citations to authority and legal arguments, presumably drafted by the "jailhouse attorney" mentioned at the May 16 hearing. We express no opinion on their merit.

[6] Thomas cites no authority for his request to have a public defender assist him as standby counsel if an evidentiary hearing is held.