## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 02 2020, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zao G. Burrell,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

January 2, 2020

Court of Appeals Case No.
19A-PC-870

Appeal from the Steuben Superior Court

The Honorable William C. Fee, Judge

Trial Court Cause No.
76D01-1708-PC-2

**Tavitas, Judge.**

## Case Summary

Xao Burrell appeals the post-conviction court's ("PC Court") denial of his petition for post-conviction relief ("PCR"). We reverse and remand.

## Issue

Burrell raises two issues on appeal; however, we find one issue dispositive, which we restate as whether the PC Court erred in failing to hold a hearing on Burrell's petition for PCR.

## Facts

In 2013, Burrell was convicted of Count I, murder; Count II, felony murder; Count III, attempted murder, a Class A felony; and Count IV, carrying a handgun without a license, a Class C felony, after a dispute between Burrell and another individual led to Burrell shooting and killing that individual after manufacturing methamphetamine. Burrell filed a direct appeal to our Court, arguing that his 105-year sentence was inappropriate in light of the nature of offense and Burrell's character. Our Court affirmed the trial court's sentence. *See Burrell v. State,* No. 76A03-1305-CR-165 (Ind. Ct. App. Mar. 6, 2014).

On September 17, 2014, Burrell filed a petition for PCR, which was subsequently dismissed, without prejudice, due to his inability to investigate. On August 25, 2017, Burrell filed his second petition for PCR alleging that Burrell received ineffective assistance of counsel in several areas, including, but not limited to:

[F]ailing to properly conduct the hearing on the motion for change of venue, missing a deadline for disclosing alibi witnesses, failing to adequately argue evidentiary objections, introducing evidence of criminal activity on the part of Petitioner, failing to properly prepare witnesses to testify, failing to prepare a closing statement and/or giving a wholly inadequate closing statement, failing to offer any evidence or argument at sentencing, and failing to professionally conduct herself during trial.

Appellant's App. Vol. II p. 43. Burrell was represented by counsel. The State sought dismissal of Burrell's petition pursuant to Indiana Post-Conviction Rule 1(3)(a), arguing that Burrell's petition was merely "generalized and conclusory." *Id.* at 57. The PC Court denied the State's motion.

[5] On September 22, 2017, Burrell filed an amended petition for PCR, adding specific allegations of ineffective assistance of trial counsel as follows:

Motion for change of venue - rather than present evidence of community-wide prejudice, trial counsel presented only the idiosyncratic opinions of a handful of individuals. When she attempted to introduce evidence from local media, she seemed entirely unclear on the procedure for doing so, resulting in that evidence not being admitted. Finally, it apparently did not occur to trial counsel to obtain the evidence she needed, a comprehensive canvasing of the local area, until after her motion and a motion to reconsider had been denied. At this point, the Court denied her the funds to conduct such a study, as the request was far too late.

Alibi witness - this Court found that trial counsel attempted to disclose an alibi witness well after the dates set forth in the controlling scheduling order. This led trial counsel to opine, on

the record[,] that she had rendered ineffective assistance of counsel.

Evidentiary objections - In instances too numerous to list individually, trial counsel repeatedly failed to adequately raise or argue evidentiary objections. Her performance in this regard was sufficiently poor that this Court stated its frustration with trial counsel on the record.

Burrell's criminal activity - inexplicably, trial counsel introduced evidence that Burrell manufactured and distributed methamphetamine. This is evidence that could not have been introduced any other way, and plainly prejudiced Burrell in the eyes of the jury.

Witness preparation - this is seen most acutely in the testimony of Burrell's father. Despite being called by Burrell, it was clear that he did not understand the questions posed by trial counsel. This demonstrated that Burrell's most significant exculpatory witness had not been prepared at all for his testimony.

Jury instructions - trial counsel was wholly unprepared to argue the jury instructions. She could not discuss the legal basis for her tendered instructions, instead requesting time to conduct research. In nearly every instance, she simply withdrew her tendered instructions due to her apparent lack of preparation and knowledge.

Closing statement - the transcript in this case is more than 1800 pages long. One would think, then, that trial counsel's closing statement would need to be a sufficient length to address the key points raised during those proceedings. Instead, trial counsel gave a perfunctory closing, which was little more than a plea for a not guilty verdict. This stood in stark contrast to the well-prepared and thorough argument of the state.

Sentencing - Trial counsel did not present evidence, witnesses, or argument at sentencing, despite character witnesses that were willing to testify, and mitigating factors that could have been identified.

Professionalism - In the most striking example, trial counsel arrived significantly late for one day of trial, which calls into question her state during the remaining proceedings.

*Id.* at 71-72. On September 27, 2017, the PC Court issued an order setting a hearing for October 30, 2017, to discuss the issue of Burrell's transport to the PCR hearing.

[6] On October 30, 2017, the PC Court held a hearing which, according to the chronological case summary ("CCS"), was a status hearing on the "case management PCR-2 and issue of transport." *Id.* at 25. The following day, on October 31, 2017, the PC Court entered a hearing journal entry on the CCS, which stated:

State appears. Counsel for [defendant] appears telephonically. Hearing held. By stipulation of parties, hearing on Post-Conviction Relief continued. To be reset upon motion. Parties stipulate to filing written briefs on said motion and will agree upon timeline for submittal to Court for review. Transport Order is moot but request may be revived upon motion for future hearings.

*Id.* The PC Court's written order regarding the hearing is nearly identical. Subsequently, the parties agreed to a briefing schedule, which the PC Court accepted, and submitted their briefs regarding Burrell's petition for PCR. On

November 13, 2017, the CCS indicates that the PCR hearing was cancelled pursuant to the "[a]greement of [p]arties." *Id.* at 25.

[7]     On February 28, 2018, Burrell submitted his brief in support of his petition for PCR, alleging he received ineffective assistance of counsel in several respects. After an extension of time, the State filed its response on April 16, 2018. On April 30, 2018, Burrell filed his reply brief in support of his petition for PCR. No evidence or exhibits were attached to any of the briefs; moreover, no request for a hearing was made by either party. Each party, however, did cite to the record from the underlying trial as support for their positions regarding the petition for PCR.

[8]     On September 13, 2018, Burrell's attorney filed a motion to withdraw his appearance due to new employment, which the PC Court granted the same day. Another attorney stepped in on Burrell's behalf. On March 25, 2019, the PC Court entered findings of facts and conclusions of law denying Burrell's petition for PCR. The order did not address the reason the PC Court ruled on the petition for PCR based only on the briefs.

[9]     The PC Court concluded that Burrell did not receive ineffective assistance of counsel and, thus, denied Burrell's request for PCR. The PC Court did find, however, one area in which counsel's performance was deficient. The PC Court found that, at the motion for change of venue hearing, "counsel's performance was indeed deficient in the manner in which the hearing was conducted. However, the Petitioner has failed to prove that this ineffectiveness

had any impact upon the ultimate outcome of the trial." *Id.* at 162. The PC Court's order concluded:

> It is the Petitioner's burden to prove that his representation, when taken as a whole, was deficient. It is the Petitioner's burden to prove that trial counsel's cumulative deficiencies rose to the level of ineffective assistance of counsel and, finally, it is the Petitioner's burden to prove that any such overall trial counsel ineffectiveness changed the outcome of the trial. The Petitioner has not met this burden.

*Id.* at 168. Burrell now appeals.

## Analysis

In its brief, the State's Statement of Facts indicates that the parties agreed to briefing "in lieu of an evidentiary hearing." Appellee's Br. p. 8. The State mentions this several times in its argument. This statement is not supported by the pages in the appendix the State directs us to review. Moreover, later in the argument portion of its brief, the State argues that Burrell "asked to have the hearing cancelled and asked to proceed by briefing instead." *Id.* at 15. The State then directs us to Appellant's Appendix Vol. II p. 50, which is the "State's Response to Petition for Transport," and nowhere indicates that Burrell requested the PC court to cancel the hearing and instead requested the PC Court to rule on his petition for PCR based on the briefs. Again, we have found no support for this contention in the record. It is clear that the parties agreed to brief the matter; however, there is no evidence that this was intended to replace the hearing. We caution the State to adequately state the facts as related in the

record and to direct us to the proper pages in the record to support the State's contentions. *See* Indiana App. R. 46(B).

[11] At the outset, we note that our standard of review on the denial of a petition for PCR is determined by how the PC Court arrived at its conclusion pursuant to Indiana's Post-Conviction Rules ("PCR Rules"). Generally, a petition for PCR is heard, pursuant to Indiana Post-Conviction Rule 1(5), with a hearing. This rule states:

> The petition shall be heard without a jury. A record of the proceedings shall be made and preserved. All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties, except as provided above in Section 4(b). The court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing. The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence.

Ind. Post-Conviction Rule 1(5).

[12] In limited circumstances, a PC Court is not required to conduct a hearing in order to decide a petitioner's petition for PCR. As the PC Court here did not have a hearing before ruling on Burrell's petition, we will analyze each of the circumstances in which a hearing is not required in order to determine whether the PC Court erred in ruling on Burrell's petition for PCR without a hearing.

## I.     Section 4(f)

Indiana Post-Conviction Rule 1(4)(f) ("Section 4(f)") states: "[I]f the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." Typically, in Section 4(f) cases:

> When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings. The court errs in disposing of a petition in this manner unless "the pleadings conclusively show that petitioner is entitled to no relief." P.-C.R. 1 § 4(f). If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is entitled to relief on those questions. However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f). This is true even though the petitioner has only a remote chance of establishing his claim.

*Allen v. State,* 791 N.E.2d 748, 752-53 (Ind. Ct. App. 2003), *trans. denied*.

Section 4(f) is inapplicable here, because, importantly, Section 4(f) cases require that the PC Court make its decision only on the pleadings. Here, the PC Court did not rely merely on the pleadings, and instead, the PC Court received argument in the form of briefs and reviewed the record from the trial. Even if the PC Court was attempting to rule on Burrell's petition for PCR under Section 4(f), we note that issues of ineffective assistance of trial counsel are particularly fact sensitive, and, "'when a petitioner alleges ineffective assistance of counsel, and the facts pled raise an issue of *possible* merit, the petition should not be summarily denied.'" *Binkley v. State,* 993 N.E.2d 645, 650 (Ind. Ct. App.

2013) (quoting *Kelly v. State,* 952 N.E.2d 297, 300 (Ind. Ct. App. 2011))

(emphasis supplied). Section 4(f) is inapplicable here.

## II.     *Section 4(g)*

[15]    Indiana Post-Conviction Rule 1(4)(g) ("Section 4(g)") states:

> The court may grant a motion by either party for summary
> disposition of the petition when it appears from the pleadings,
> depositions, answers to interrogatories, admissions, stipulations
> of fact, and any affidavits submitted, that there is no genuine
> issue of material fact and the moving party is entitled to
> judgment as a matter of law.

The plain language of this rule requires "a motion by either party" and

consideration of the pleadings and the evidence outlined above.

[16]    When we review a petition under Section 4(g):

> [W]e review the lower court's decision as we would a motion for
> summary judgment. We face the same issues that were before
> the post-conviction court and follow the same process. A grant
> of summary disposition is erroneous unless "there is no genuine
> issue of material fact and the moving party is entitled to
> judgment as a matter of law." P-C.R. 1 § 4(g). We must resolve
> all doubts about facts, and the inferences to be drawn from the
> facts, in the non-movant's favor. The appellant has the burden of
> persuading us that the post-conviction court erred.

*Allen,* 791 N.E.2d at 753.

[17]    First, we note that there is no indication on the CCS that Burrell or the State

moved for summary disposition as required by Section 4(g). In response, the

State invites us to conclude that the State's opposition to Burrell's transport demonstrates the "State's procedural posture." Appellee's Br. p. 12. The State's opposition to transport cites Indiana-Post Conviction Rule 1(5), which states that: "The Court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing." This statement, however, falls short of moving for summary disposition; in fact, the State requested that Burrell not be transported, but instead, "appear via video teleconference equipment." Appellant's App. Vol. II p. 50. The State cannot now convince us that this opposition of transport order should be interpreted as the State's motion for summary disposition.

[18] The State also argues that agreement for summary disposition was implicit based on the CCS entries that: (1) the PCR hearing would be re-scheduled pursuant to the "[a]greement of [p]arties"; and (2) "[b]y stipulation of parties, hearing on Post-Conviction Relief [is] continued. To be reset upon motion. Parties stipulate to filing written briefs on said motion and will agree upon a timeline for submittal to Court for review." Appellant's App. Vol. II p. 25. We decline to infer this from the record. The record reveals the parties agreed to brief the issue. No support, however, exists for the contention that the parties agreed to do so in lieu of a hearing. The State does not point us to any hearing transcript or motion in which the State or Burrell agreed to summary disposition. The State's argument fails. Accordingly, Section 4(g) is inapplicable.

### III. Section 9(b)

[19] Finally, in response to Burrell's argument that he was entitled to a hearing, the State argues that, "in the case of *pro se* petitioners, [the rules] do not mandate a hearing." Appellee's Br. p. 12. Pursuant to Indiana Post-Conviction Rule 1(9) (b) ("Section 9(b)"), "[i]n the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit." Burrell was represented by counsel at the time of the filing of his August 2017 petition for PCR. At the same time his attorney withdrew on September 13, 2018, another attorney stepped in to represent Burrell. The record is devoid of any request or PC Court order indicating that the trial court ordered the case to be submitted upon affidavit. Additionally, neither the State nor Burrell included any affidavits with their briefs. Any argument by the State that Burrell *should have* submitted an affidavit because he was not precluded from doing so fails, as the PC Court never ordered Burrell to do as much. Accordingly, Section 9(b) is inapplicable.

[20] Based on the foregoing, the State, Burrell, and the PC Court did not proceed according to the PCR Rules. Accordingly, Burrell was entitled to an evidentiary hearing on his petition for PCR.

## Conclusion

[21] Based on the record before us, Burrell was entitled to a hearing on his petition for PCR pursuant to Indiana's Post-Conviction Rules. We reverse and remand.

[22] Reversed and remanded.

Altice, J., concurs.

Brown, J., concurs in result without opinion.